■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE MAXWELL, Appellant. [750 NYS2d 97] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered October 30, 1997, convicting him of robbery in the first degree (three counts) and falsely reporting an incident in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although not admissible to show a defendant's general criminal propensity, evidence of a defendant's past uncharged criminal behavior may be admitted if it is relevant to a material aspect of the People's direct case, or because of some recognized exception to the *Molineux* rule (*see People v Molineux,* 168 NY 264), such as motive, intent, mistake of fact, common scheme or plan, or the identity of the defendant (*see People v Wright,* 288 AD2d 409, 410; *People v Alvino,* 71 NY2d 233). When a defendant's criminal intent is placed in issue, proof of other crimes may be admissible under the intent exception to the *Molineux* rule (*see People v Ingram,* 71 NY2d 474, 479).

The defendant placed his intent in issue by claiming that he was forced to participate in the robbery, without sharing the culpable mental state of the robbers. Therefore, the trial court properly allowed the People to offer evidence of the defendant's prior participation in a robbery with the codefendant to prove the defendant's intent, and refute his claim that he had been car-jacked (*see People v Ingram, supra*).

The defendant was not deprived of the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708; *People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions are without merit. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.