■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK S. BALTIMORE, Appellant. [754 NYS2d 650] —Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered June 13, 2001, convicting him of criminal possession of a weapon in the third degree, coercion in the first degree, unlawful imprisonment in the first degree, menacing in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence of his prior assaults upon the complainant was properly introduced into evidence. Although evidence of prior crimes is not admissible to show a defendant's predisposition to criminal conduct (*see People v Molineux,* 168 NY 264, 291-293), evidence of prior criminal conduct is admissible when it is relevant to prove an element of the crime charged, and the probative value of the evidence outweighs the potential prejudice to the defendant (*see People v Cook,* 93 NY2d 840; *People v George,* 197 AD2d 588, 589). Here, evidence of the prior assaults was probative of the complainant's state of mind and relevant to prove that the defendant "instill[ed] in the victim a fear that he will cause physical injury to" her, a necessary element of the conviction of coercion in the first degree. Further, the probative value outweighed any prejudice to the defendant, so the evidence was properly admissible (*see People v Cook, supra; People v George, supra*).

The defendant's challenge to the trial court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371) is without merit. The court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to him (*see People v Scarpulla,* 238 AD2d 359; *People v Overton,* 192 AD2d 624; *People v Digugliemo,* 124 AD2d 743).

Equally without merit is the defendant's contention that the trial court erred in failing to completely redact the notations in the hospital records regarding the complainant's account of her injuries. The statement in the hospital records that the complainant was "kicked, slapped, pulled by her hair and had a knife to her neck," was properly admitted pursuant to the

business records exception to the hearsay rule (*see* CPLR 4518), because it was relevant to the diagnosis and treatment of the complainant's injuries (*see People v Goode,* 179 AD2d 676).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.