■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUMA CAIN, Appellant. [790 NYS2d 541]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered July 22, 2003, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted, after a jury trial, of shooting

and killing the decedent on November 1, 2002. During the trial, the decedent's sister testified, inter alia, that the day before the shooting he had informed her that the defendant had shot at him on October 15, 2002.

Contrary to the defendant's contention, the testimony of the decedent's sister was properly introduced into evidence, as was a ballistics report which confirmed that the bullets from both incidents were fired from the same gun. Although evidence of a defendant's past uncharged criminal behavior is not admissible to show a defendant's predisposition to criminal conduct (*see People v Molineux,* 168 NY 264, 291-293 [1901]), evidence of prior criminal conduct is admissible if it is relevant to a material aspect of the People's direct case, or because of some recognized exception to the rule such as motive, intent, mistake of fact, common scheme or plan, or the identity of the defendant (*see People v Baltimore,* 301 AD2d 610 [2003]; *People v Maxwell,* 299 AD2d 370 [2002]). The sister's testimony and ballistics report were relevant to the defendant's identity and motive and the probative value of the evidence outweighed any prejudice to the defendant (*see People v Carrasquillo,* 10 AD3d 424 [2004], *lv denied* 3 NY3d 739 [2004]; *People v Baltimore, supra* at 610).

In any event, any error in admitting the testimony and report was harmless beyond a reasonable doubt because the evidence of the defendant's guilt, including the identification testimony of an eyewitness, was overwhelming (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Ruis,* 11 AD3d 714, 715 [2004]; *People v Richardson,* 294 AD2d 379, 380 [2002]; *People v Sturgis,* 199 AD2d 549, 550 [1993]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.