■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. PEREZ, Appellant. [794 NYS2d 439]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered September 2, 2003, convicting him of robbery in the first degree, robbery in the second degree, and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, testimony regarding a prior burglary of the complainant's house was properly introduced into evidence. Although evidence of prior crimes is not admissible to show a defendant's predisposition to criminal conduct (*see People v Molineux,* 168 NY 264, 291-293 [1901]), evidence of prior criminal conduct is admissible when it is relevant to prove, inter alia, identity, and the probative value of the evidence outweighs the potential prejudice to the defendant (*see People v Baltimore,* 301 AD2d 610 [2003]; *People v Maxwell,* 299 AD2d 370 [2002]). Here, the court properly admitted the testimony, as it was relevant to the issue of identity, and the probative value of the testimony outweighed the prejudice to the defendant.

The defendant's challenge to certain comments made by the prosecutor during summation is unpreserved for appellate review, since the defense counsel failed to request curative instructions or refer to those comments in his motion for a mistrial (*see* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953 [1981]; *People v O'Henry,* 13 AD3d 470 [2004], *lv denied* 4 NY3d 801 [2005]). In any event, the comments objected to either were a fair response to remarks made by the defense counsel during summation, or a fair comment on the evidence (*see People v Stith,* 291 AD2d 576 [2002]; *People v Persaud,* 237 AD2d 538 [1997]; *People v Turner,* 141 AD2d 878 [1988]). S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.