■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER PRINCE, Appellant. [831 NYS2d 182]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered November 15, 2004, convicting him of attempted murder in the second degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant preserved for appellate review his claim that the prosecutor, in summation, vouched for the credibility of the People's witnesses. The defendant objected to many of the prosecutor's comments in a timely fashion, requested curative instructions, and then, at the conclusion of the summation, moved for a mistrial, which the trial court denied in part because it found that the prosecutor, in challenging the defendant's arguments, had not vouched for the credibility of

the People's witnesses (*see* CPL 470.05 [2]; *cf. People v Medina,* 53 NY2d 951, 953 [1981]; *People v Perez,* 18 AD3d 480 [2005]; *People v Powell,* 4 AD3d 489 [2004]). Moreover, to the extent that the defendant failed to preserve for appellate review certain challenges to the prosecutor's comments, we review those claims in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Brown,* 26 AD3d 392, 393 [2006]; *People v Smith,* 288 AD2d 496 [2001]).

Many of the prosecutor's summation comments were proper, as they were a fair response to the defense counsel's summation and a fair comment on the evidence (*see People v Galloway,* 54 NY2d 396, 399, 401 [1981]; *People v Marks,* 6 NY2d 67, 77-78 [1959]; *People v Woodson,* 31 AD3d 678 [2006], *lv denied* 7 NY3d 871 [2006]; *People v Martinez,* 27 AD3d 665, 666 [2006]; *People v Mattia,* 8 AD3d 299, 299-300 [2004]; *People v West,* 237 AD2d 470, 472 [1997]). Any prejudice that may have resulted from the prosecutor's vouching for the credibility of the People's witnesses based on the statement that the witnesses could not have been mistaken in their identification of the defendant was alleviated when the trial court sustained the defendant's objections and provided curative instructions to the jury (*see People v Berg,* 59 NY2d 294, 299-300 [1983]; *People v Williams,* 14 AD3d 519 [2005]; *People v Efferson,* 300 AD2d 674 [2002]; *People v Cabrera,* 272 AD2d 623 [2000]). To the extent that any alleged inappropriate comment remained unaddressed, any error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *see also People v Dardain,* 226 AD2d 551 [1996]; *People v Elliot,* 216 AD2d 576 [1995]; *People v James,* 162 AD2d 618 [1990]).

The defendant's challenge to the trial court's jury charge is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Robinson,* 88 NY2d 1001 [1996]; *People v Taylor,* 11 AD3d 715 [2004]), and in any event, is without merit. Krausman, J.P., Florio, Lunn and Covello, JJ., concur.