◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABNER ALVAREZ, Appellant. [930 NYS2d 890]—

The defendant's contention that the evidence was not legally sufficient to support his convictions is unpreserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal at the close of the People's case (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Devers*, 82 AD3d 1261 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that

the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain evidence of gang membership was erroneously admitted at trial is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, any error in admitting such evidence was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the alleged error contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Further, the defendant failed to establish that he was deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668, 687-694 [1984]; *People v Benevento*, 91 NY2d 708, 714 [1998]). Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.