■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH ADAMS, Appellant. [940 NYS2d 158]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered March 1, 2010, convicting him of burglary in the second degree and criminal

mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the verdict with respect to his conviction of burglary in the second degree was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633, 643 [2006]). The fact that the defendant was acquitted on the count of criminal possession of stolen property in the fifth degree (see Penal Law § 165.40) did not undermine the weight of the evidence supporting the jury's verdict on the count of burglary in the second degree (see Penal Law § 140.25 [2]; *People v Rayam*, 94 NY2d 557, 563 [2000]; *People v Allen*, 89 AD3d 741, 742 [2011], *lv denied* 18 NY3d 881 [2012]).

The defendant challenges numerous summation remarks made by the prosecutor. The defendant's contentions are unpreserved for appellate review because defense counsel either failed to object, made only general objections to the remarks, or failed to request curative instructions after certain objections were sustained (see *People v Stewart*, 89 AD3d 1044, 1045 [2011]; *People v West*, 86 AD3d 583, 584 [2011]; *People v Gabriel*, 85 AD3d 1201 [2011]; *People v Paul*, 82 AD3d 1267, 1267-1268 [2011]). In addition, the defendant's motion for a mistrial, which was made after the completion of summations, was untimely and failed to preserve his contentions (see *People v Paul*, 82 AD3d at 1268; *People v Salnave*, 41 AD3d 872, 874 [2007]). In any event, although some of the challenged remarks were improper and should not be repeated (see *People v Ashwal*, 39 NY2d 105, 109-110 [1976]), under the particular circumstances of this case, they did not deprive the defendant of a fair trial.

The sentence imposed was not excessive (see *People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Chambers, Austin and Roman, JJ., concur.