Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Mullen, J.), rendered July 27, 2009, and (2) an amended judgment of the same court (Marras, J.), rendered February 25, 2010, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the amended judgment; and it is further,
Ordered that the amended judgment is affirmed.
The defendant’s contention that the Supreme Court erred in allowing certain references to his parole violation hearing is unpreserved for appellate review. The defendant did not object to any of the complained-of remarks at trial, and when the Supreme Court issued its own curative instruction, the defendant failed to request further instructions or move for a mistrial (see CPL 470.05 [2]; People v Adams, 93 AD3d 734, 735 [2012]; People v Parker-Davidson, 89 AD3d 1114 [2011]; People v Johnson, 45 AD3d 606 [2007]). In any event, significantly, the initial reference to the defendant’s parole violation hearing was made during the defendant’s cross-examination of one of the complainants, and the court ameliorated any possible prejudice to the defendant by ensuring that the crime underlying his parole was not divulged and by instructing the jury that the defendant’s parole status was “of no consequence” and was not to be considered “in any way” (see People v Jones, 276 AD2d 292 [2000]; People v Johnson, 219 AD2d 809 [1995]).
*810 The defendant’s contention that the Supreme Court’s admission of certain testimony elicited from a firearms expert and the prosecutor’s reference to that testimony during summation constituted reversible error also is unpreserved for appellate review, as the defendant did not object to either the complained-of testimony or the summation comment (see CPL 470.05 [2]; People v Torres, 71 AD3d 1063 [2010]). In any event, the testimony was relevant to the crimes charged, and the prosecutor’s summation comment was a fair response to remarks made by the defendant’s attorney during summation (see People v Perez, 18 AD3d 480 [2005]; People v Jones, 294 AD2d 517 [2002]; People v Russo, 201 AD2d 512, 513 [1994], affd 85 NY2d 872 [1995]).
We reject the defendant’s contention that he was deprived of the effective assistance of counsel. The record shows that the defendant’s attorney provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Stiff, 60 AD3d 1094 [2009]; People v Robbins, 48 AD3d 711 [2008]). Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.