Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered October 6, 2008, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 18 years plus a period of five years of postrelease supervision on the conviction of manslaughter in the first degree and a definite sentence of incarceration of one year on the conviction of criminal possession of a weapon in the fourth degree, to run concurrently.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of manslaughter in the first degree from a determinate term of imprisonment of 18 years plus a period of five years of postrelease supervision to a determinate term of imprisonment of 10 years plus a period of five years of post-release supervision; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defendant’s justification defense beyond a reasonable doubt (see People v Rodriguez, 73 AD3d 815 [2010]; People v Chung, 39 AD3d 558, 559 [2007]; People v Terrero, 31 AD3d 672 [2006]; People v Young, 240 AD2d 974, 976-977 [1997]; People v Henegan, 150 AD2d 606 [1989]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; *826 People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant contends that the admission into evidence of the victim’s autopsy report without the testimony of the medical examiner who prepared the report deprived him of his constitutional right of confrontation. This contention is unpreserved for appellate review, and, in any event, is without merit (see People v Freycinet, 11 NY3d 38 [2008]; People v Rawlins, 10 NY3d 136 [2008]).
The defendant’s contentions concerning the propriety of the prosecutor’s questions with respect to whether the defendant was a member of a youth gang are unpreserved for appellate review (see People v Desir, 102 AD3d 809 [2013]; People v Adams, 93 AD3d 734, 735 [2012]; People v Alvarez, 88 AD3d 807, 808 [2011]). In any event, the defendant was not deprived of a fair trial as a result of such questioning, since the questioning on this subject was minimal, and the prosecutor did not challenge the witnesses’ denial of gang involvement (see People v Keith, 136 AD2d 657 [1988]).
Although the testimony of the victim’s mother constituted, at least in part, inadmissible hearsay, the admission into evidence of her testimony was harmless, since the evidence of the defendant’s guilt was overwhelming, and there was no significant probability that the error contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendant’s request for youthful offender treatment (see CPL 720.20 [1]; People v Barrett, 105 AD3d 862, 864 [2013]; People v Terpening, 79 AD3d 1367, 1368 [2010]). However, the sentence imposed was excessive to the extent indicated herein.
The defendant’s remaining contentions are without merit. Skelos, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.