■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DAWKINS, Appellant. [44 NYS3d 770]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (Donnelly, J.), imposed September 3, 2015, upon his conviction of attempted murder in the second degree, upon his plea of guilty, after remittitur from this Court for resentencing (*see People v Dawkins*, 131 AD3d 482 [2015]).

Ordered that the resentence is affirmed.

Under the circumstances of this case, the defendant's purported waiver of the right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Brown*, 122 AD3d 133 [2014]), and, thus, does not preclude review of his claim that the Supreme Court improvidently exercised its discretion in denying youthful offender treatment (*cf. People v Pacherille*, 25 NY3d 1021, 1024 [2015]).

" 'The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case' " (*People v Mullings*, 83 AD3d 871, 872 [2011], quoting *People v Ortega*, 114 AD2d 912, 912 [1985]). Here, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying the defendant youthful offender treatment (*see* CPL 720.20 [1]; *People v Green*, 110 AD3d 825, 826 [2013]; *People v Williams*, 110 AD3d 746, 747 [2013]; *People v Certain*, 108 AD3d 681 [2013]). Rivera, J.P., Austin, Roman and Connolly, JJ., concur.