People v Gourdine (2019 NY Slip Op 05562)





People v Gourdine


2019 NY Slip Op 05562


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-13477
 (Ind. No. 153/17)

[*1]The People of the State of New York, respondent,
v
Joshua Gourdine, appellant.


Paul Skip Laisure, New York, NY (Ava C. Page of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart, Anne Grady, and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), rendered November 13, 2017, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Daniels, 160 AD3d 979, 980; People v Brown, 122 AD3d 133). The record does not demonstrate that the defendant's waiver of his right to appeal was knowingly, voluntarily, and intelligently made (see People v Daniels, 160 AD3d at 980; People v Brown, 122 AD3d at 137).
Since the defendant's waiver of the right to appeal was invalid, this Court has reviewed the defendant's contention that the Supreme Court improvidently exercised its discretion in denying him youthful offender status (see People v Daniels, 160 AD3d at 980; People v Hesterbey, 121 AD3d 1127, 1128).
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Hesterbey, 121 AD3d at 1128 [internal quotation marks omitted]; see People v Dhillon, 157 AD3d 900, 900-901; People v Mullings, 83 AD3d 871, 872). Here, we find no basis for disturbing the Supreme Court's determination denying youthful offender status to the defendant (see CPL 720.20[1]; People v Dawkins, 146 AD3d 898, 899; People v Green, 110 AD3d 825, 826).
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court