People v Petersen (2021 NY Slip Op 00193)





People v Petersen


2021 NY Slip Op 00193


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-01801
 (Ind. No. 2794/15)

[*1]The People of the State of New York, respondent,
v
Gary Petersen, appellant.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot,
and Charles T. Pollak of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie Leach, J.), rendered February 16, 2017, as amended March 2, 2017, convicting him of burglary in the second degree (two counts), criminal mischief in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is modified, on the law, by vacating the convictions of burglary in the second degree under counts one and two of the indictment, and vacating the sentences imposed thereon; as so modified, the judgment, as amended, is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on those counts of the indictment.
The defendant was indicted on charges of burglary in the second degree (two counts), criminal mischief in the third degree, and petit larceny, arising out of an incident on December 2, 2015, when he entered a rooming house and allegedly damaged property, including two doors, and stole surveillance cameras. Following a jury trial, the defendant was convicted on all charges. The defendant appeals.
A defendant has a right to be tried only for the crimes charged in the indictment (see Stirone v United States, 361 US 212, 217-218; People v Badalamenti, 27 NY3d 423, 439; People v Grega, 72 NY2d 489, 498). "Where the prosecution is limited by the indictment or bill of particulars to a certain theory or theories, the court must hold the prosecution to such narrower theory or theories" (People v Vasquez, 161 AD3d 902, 902; see People v Graves, 136 AD3d 1347, 1348). This rule applies in cases charging burglary, where it is not normally necessary for the People to demonstrate the exact crime which the defendant intended to commit while inside the building (see People v Barnes, 50 NY2d 375, 379 n 3; People v Mackey, 49 NY2d 274, 279; People v Aveni, 100 AD3d 228, 243; People v Kolempear, 267 AD2d 327, 327).
Here, we agree with the defendant that the People limited their theory of burglary in their bill of particulars, which incorporated the allegations of the criminal complaint, to the intent to commit property damage and/or theft (see People v Aveni, 100 AD3d at 243; see also CPL [*2]200.50[7][a]). Therefore, the Supreme Court erred in permitting the prosecutor to argue, during summation, and in permitting the jury to consider, the uncharged theory that the defendant intended to assault the complainant (see People v Grega, 72 NY2d at 498; People v Vasquez, 161 AD3d at 902; People v Graves, 136 AD3d at 1348).
Contrary to the People's contention, to the extent preservation of this contention was required (see People v Williams, 170 AD3d 1046, 1048; but see People v Graves, 136 AD3d at 1348), this contention was preserved for review by repeated timely objections and motions for a mistrial (see CPL 470.05[2]; People v Prince, 36 AD3d 833, 833). Further, since there was evidence supporting the uncharged theory, it is impossible to determine whether the verdict of guilty was founded on the uncharged theory, and harmless error analysis does not apply (see People v Badalamenti, 27 NY3d at 439; People v Martinez, 83 NY2d 26, 35; People v Vasquez, 161 AD3d at 902). In any event, we conclude that the People's failure to give the defendant any notice of the new theory until their summation denied the defendant a fair trial on the burglary charges.
Accordingly, we vacate the defendant's convictions of burglary in the second degree and remit those charges for a new trial.
However, the defendant has not established a basis to vacate his convictions for criminal mischief in the third degree and petit larceny. Contrary to the defendant's contention, evidence concerning a prior incident when property in one of the complainant's rooms was damaged was properly admitted, as the circumstantial evidence sufficiently connected the defendant to the prior incident (cf. People v San Roc Rest., Inc., 117 AD2d 760, 761). The defendant was not denied a fair trial by certain comments by the Supreme Court that allegedly denigrated defense counsel (see People v Brown, 262 AD2d 570, 573, affd 95 NY2d 776; cf. People v De Jesus, 42 NY2d 519, 523-524; People v Leggett, 76 AD3d 860, 861-862; People v Reina, 94 AD2d 727, 727-728). To the extent that the defendant preserved his current challenge to testimony elicited from a detective as to the truth of the defendant's statements, the defendant was not unduly prejudiced by the testimony, "since the testimony was brief and the court sustained an objection to the question, immediately struck the testimony from the record, and gave a curative instruction to the jury" (People v Raysor, 130 AD3d 1079, 1080; see People v Allen, 222 AD2d 441, 442).
We agree with the defendant that the Supreme Court improperly limited the defendant's cross examination of one of the witnesses, who testified that he was responsible for maintenance and for letting rooms in the rooming house, with regard to the illegality of the rooming house and the damaged condition of doors in the home other than those alleged to have been damaged by the defendant (see Davis v Alaska, 415 US 308; Brinson v Walker, 547 F3d 387, 392 [2d Cir]; People v Hudy, 73 NY2d 40, 56, abrogated on other grounds by Carmell v Texas, 529 US 513; People v Jones, 193 AD2d 696, 697). However, the error was harmless beyond a reasonable doubt, since the evidence of the defendant's guilt of criminal mischief in the third degree and petit larceny, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to those convictions (see People v Crimmins, 36 NY2d 230, 237; People v Wilkinson, 185 AD3d 734, 737). The evidence that counsel sought to elicit on the cross examination was introduced through other witnesses.
The defendant was provided with "meaningful representation" (People v Baldi, 54 NY2d 137, 147; see Strickland v Washington, 466 US 668, 688).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court