People v Merritt (2021 NY Slip Op 02615)





People v Merritt


2021 NY Slip Op 02615


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Ind No. 208/15 208/15 Appeal No. 13686 Case No. 2016-2044 

[*1]The People of the State of New York, Respondent,
v
William Merritt, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Ronald Zapata of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Claire E. Nielsen of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered November 4, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and menacing in the second degree, and sentencing him, as a second felony offender, to an aggregate term of three to six years, unanimously affirmed.
The trial court erred in admitting into evidence the complainant's 911 call as a present sense impression exception to the hearsay rule (see People v Vasquez, 88 NY2d 561 [1996]). The complainant testified that following the incident he walked almost one full block before he thought about the incident and decided to return to the scene and call 911. While he estimated that it was three to five minutes after the incident, additional evidence suggested it was closer to six minutes after the incident. Because the complainant admittedly had "time for reflection," it negated the "essential assurance of reliability" of a present sense impression (id. at 575).
Nevertheless, we find that any error in the admission of this evidence was harmless (see People v Crimmins, 36 NY2d 230 [1975]). As noted, the complainant testified at trial. His in-court testimony was consistent with his out-of-court statements, including those on the 911 call. His statements and credibility were tested through cross-examination (see People v Ludwig, 24 NY3d 221, 230 [2014]). Furthermore, there was overwhelming evidence, both direct and circumstantial, that defendant threatened the complainant with the box cutter that the police found in defendant's possession.
Defendant's arguments concerning the sufficiency and weight of the evidence are likewise unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021