People v Reid (2023 NY Slip Op 00336)

People v Reid

2023 NY Slip Op 00336

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2017-00225
 (Ind. No. 2280/15)

[*1]The People of the State of New York, respondent,
v
Eric Reid, appellant.

Twyla Carter, New York, NY (Nancy E. Little of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Danielle S. Fenn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen Knopf, J.), rendered December 13, 2016, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the second degree under count 1 of the indictment, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on that count of the indictment.
The defendant was convicted, after a jury trial, of criminal possession of a weapon in the second degree (Penal Law § 265.03[3]), criminal possession of a weapon in the third degree (Penal Law § 265.02[1]), and reckless endangerment in the second degree (Penal Law § 120.20), based upon evidence that he possessed a firearm, which he shot into the air four or five times in the presence of the complainant outside of their home.
The Supreme Court erred in admitting into evidence, under the present sense impression and excited utterance exceptions to the hearsay rule, certain hearsay statements that the complainant made to a police officer. The statements did not qualify under the present sense impression exception to the prohibition against the admission of hearsay because the People did not satisfy the element of contemporaneity (see People v Vasquez, 88 NY2d 561, 575; People v Ortiz, 33 AD3d 1044, 1045). Further, the People did not establish that the complainant's capacity for reflection and deliberation remained stilled by the time she spoke to the police officer, and, thus, her statements did not qualify under the excited utterance exception to the prohibition against the admission of hearsay (see People v Johnson, 1 NY3d 302, 307). Nevertheless, under the circumstances of this case, the error in admitting the statements was harmless (see People v Merritt, 193 AD3d 661).
The defendant's contention that he was deprived of a fair trial as a result of certain remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]; People v Alvardo, 203 AD3d 941, 942). In any event, although certain of the prosecutor's [*2]remarks were improper and would have been better left unsaid, they were not, either individually or collectively, so egregious as to have deprived the defendant of a fair trial (see People v Morales, 201 AD3d 819, 819-820; People v Baez, 137 AD3d 805).
The defendant failed to preserve for appellate review his contention that he was deprived of his right to a fair trial by the Supreme Court's participation in the questioning of the trial witnesses (see CPL 470.05[2]; People v Ojeda, 118 AD3d 919). In any event, while certain of the court's interventions were improper, when the record is viewed as a whole, the court's conduct did not prevent the jury from arriving at an impartial verdict on the merits (see People v Moulton, 43 NY2d 944, 946; People v Martinez, 201 AD3d 658, 660; People v Reid, 198 AD3d 819, 820).
The defendant contends that he is entitled to a new trial on count 1 of the indictment charging him with criminal possession of a weapon in the second degree because the Supreme Court's jury charge improperly removed an element of that offense from the jury's consideration. We agree with the defendant that the court committed reversible error in this regard. Penal Law § 265.03 provides, in pertinent part, that a person is guilty of criminal possession of a weapon in the second degree when that person "possesses any loaded firearm. Such possession shall not, except as provided in subdivision one or seven of section 265.02 of this article, constitute a violation of this subdivision if such possession takes place in such person's home or place of business" (Penal Law § 265.03[3]). However, "[w]here a defendant has been previously convicted of any crime, the possession of a loaded firearm is, per se, a class C felony ['criminal possession [of] a weapon in the second degree,' Penal Law § 265.03(3)], regardless of whether the possessor possessed the firearm in his or her 'home or place of business'" (People v Velasquez, 110 AD3d 835, 836 [internal quotation marks omitted]; see Penal Law § 265.02[1]).
Here, the defendant was charged in count 1 of the indictment with criminal possession of a weapon in the second degree under the theory that, on the date in question, he knowingly possessed a loaded firearm and that such possession was not in his home or place of business (see Penal Law § 265.03[3]). At the close of the People's case, the defendant moved for a trial order of dismissal on the ground that the People failed to present any evidence that he possessed a gun outside of his home. The People opposed the motion on the ground that there was evidence that the defendant possessed the firearm outside of his home and place of business. The Supreme Court denied the defendant's motion. The next day, the court noted that the defendant had previously been arraigned on a special information and admitted having a prior conviction. The Supreme Court stated that, since the defendant had a prior conviction, it did not matter if he possessed the gun in his home or place of business, and that "[i]t simply is not an element at all to be submitted to the jury." Accordingly, the court instructed the jury, inter alia, that to find the defendant guilty of criminal possession of a weapon in the second degree under count 1, it needed to find only that the defendant knowingly possessed any loaded firearm.
"Where the prosecution is limited by the indictment or bill of particulars to a certain theory or theories, the court must hold the prosecution to such narrower theory or theories" (People v Vasquez, 161 AD3d 902, 902; see People v Grega, 72 NY2d 489, 497; People v Petersen, 190 AD3d 769, 770). Under the circumstances of this case, the People were required to prove at trial as an element of criminal possession of a weapon in the second degree that the possession of the loaded firearm was not in the defendant's home or place of business (see Penal Law § 265.03[3]; People v Rodriguez, 68 NY2d 674, 675). As the defendant correctly contends, the Supreme Court's instruction impermissibly removed from the jury's consideration an element of the crime of criminal possession of a weapon in the second degree as charged in count 1 of the indictment (see People v Pulley, 231 AD2d 534, 534; see also People v Petersen, 190 AD3d at 770; People v Vasquez, 161 AD3d at 902-903; cf. People v Ramos, 202 AD3d 410, 411-412). Contrary to the People's contention, this issue was adequately preserved for appellate review (see CPL 470.05[2]; People v Ganthier, 195 AD3d 639, 640). Accordingly, the defendant's conviction of criminal possession of a weapon in the second degree under count 1 of the indictment, and the sentence imposed thereon, must be vacated, and we remit the matter to the Supreme Court, Queens County, for a new trial on that count.
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court