■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RODRIGUEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SANTANA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANZIO PEREZ, Appellant.—Judgments, Supreme Court, Bronx County, rendered October 23, 1975, after bench trial, convicting all three defendants-appellants of two counts of kidnapping, first degree, and possession of a weapon as a misdemeanor, unanimously reversed, on the law, as to defendant-appellant Perez, and the indictment dismissed as to him, and as to defendants-appellants Santana and Rodriguez, unanimously affirmed. There is no direct evidence whatever that Perez performed any act at all in assisting his codefendants in forcing two girls, 14 and 15 years of age, into the rear of a car to transport them to New Jersey so that they might there be subjected to sexual abuse. It may be said quite simply that Perez was there, and that is all. On arrival across the George Washington Bridge, he became the car's driver; his predecessor as driver and the other codefendant then engaged in sexual advances during the drive to the apartment of one of them, and Perez did not. Nor did he participate in any way in the acts of extreme sexual abuse which followed at the apartment, but was relegated to the kitchen. He emerged once during the orgy to protest its continuance, and was rewarded with a severe blow to his face. Understandably, being physically inferior to the other two, he did not again interfere. Not only did he do nothing in this State by way of participation in "an element of [the] offense," here necessary to give New York jurisdiction (CPL 20.20, subd 1, par [a]), but the summation of his conduct points to a completely equivocal inference as to any intent whatever on his part "to abduct another person * * * with intent to * * * abuse [her] sexually"; taken together with the evidence of his conduct thereafter, not alone is that conduct as consistent with innocence as with guilt, but some of us feel that his guilt is completely negated. We are however unanimously of the opinion that there is at least a reasonable doubt as a matter of law as to Perez' guilt. On the other hand, the conduct of the other two points unequivocally to their unlawful intent during the entire episode. So much for the kidnapping counts. As to the gun, possession may only be imputed, if at all, to Perez on the basis of the presumption found in subdivision 3 of section 265.15 of the Penal Law, which is defeated immediately by the first exception stated therein: the gun first appeared in the hand of another occupant of the vehicle, who used it to intimidate the victims. Thus, Perez stands

exculpated completely, even if there is not much to be said about the quality of his company during this horrible affair. It is our duty in these circumstances to do what should have been done at Trial Term, and, as to Perez, we have accordingly made new findings and arrived at a new conclusion which we substitute for those below. As to the other two defendants, sufficient has been stated herein concerning the overwhelming proof against them, as well as establishment of jurisdiction, upon which to bottom affirmance. We have considered all the points raised and find them without merit. Concur—Birns, J. P., Silverman, Markewich and Lynch, JJ.