■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RODRIGUEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SANTANA, Appellant. — Order, Supreme Court, Bronx County (Cohen, J.), entered March 12, 1981 denying, without an evidentiary hearing, defendants' motion to vacate a judgment of conviction rendered October 23, 1975, on the ground of newly discovered evidence, is unanimously reversed, as a matter of discretion in the interest of justice, and the matter is remanded to Trial Term to hold an evidentiary hearing with respect to said motion, and for further proceedings consistent therewith. In 1975 defendants were convicted, after a nonjury trial, before Drohan, J., of the crimes of kidnapping in the first degree (Penal Law, § 135.25, subd 2, par [a]), and criminal possession of a weapon as a misdemeanor (Penal Law, former § 265.05, subd 9). Defendant Rodriguez was sentenced to a term of 22 years to life on the kidnapping charge, and defendant Santana was sentenced to a term of 18½ years to life on that charge. This court affirmed the convictions of these defendants (*People v Rodriguez*, 57 AD2d 746). Both defendants are still incarcerated pursuant to those sentences. The charges of which defendants were convicted involved the abduction from this State, followed by rape in New Jersey, of two girls then 14 and 15 years old. In his verdict, the Trial Judge, Judge Drohan, referring to the start of the incident, said: "The Defendant Rodriguez cowed the complainants and before they left the parking lot, threatened them with a gun for which he had bullets; that they thereupon set out for New Jersey for the purposes of sex." A motion to set aside the verdict on the ground of newly discovered evidence — that the girls had admitted to a third person that they had gone with defendants voluntarily — was denied before sentence. In June, 1980, defendants made a new motion to vacate the judgment pursuant to CPL 440.10 (subd 1, pars [a], [g]), essentially on the ground of newly discovered evidence. Submitted with their motion papers was an affidavit sworn to June 3, 1980 by one of the two complaining girls, in which she said that her testimony about being forced into the car under threat of a gun was false, and that the two girls had accompanied the defendants voluntarily; that although they were forcibly raped in New Jersey, the girls had fabricated the part about initially being forced into the car at the point of a gun, both out of fear of their parents' disapproval and that their story about the rape might otherwise be disbelieved. The Trial Judge being no longer available, the motion came before Judge Cohen who denied the motion without an evidentiary hearing, stating that even if the affidavit were true, which he did not accept, the defendants were still guilty of the kidnapping charge because the consent of a child under the age of 16 was without legal effect for the purpose of the kidnapping charge, under subdivision 1 of section 135.00 of the Penal Law. Without passing on the correctness or incorrectness of the Judge's reasoning, we think fundamental fairness requires that there be an evidentiary hearing on this motion. It may be, as the District Attorney suggests, that the complaining witness' recantation will ultimately be found not to be worthy of belief. Compare *People v Shilitano* (218 NY 161, 170): "There is no form of proof so unreliable as recanting testimony." But as the court pointed out in the *Shilitano* case, this does not mean that a recantation may never be a basis for granting a motion for a new trial. The court said (pp 170-171): "If the recantation be true it may

in certain cases destroy the basis upon which the judgment of conviction rests and * * * might be sufficient of itself to justify the granting of a new trial." Here the finding that the complainants were forced into car at the point of a gun was obviously a very significant part of the case. If that part of the testimony was fabricated, it at least justifies a re-examination of the question whether the verdict should be allowed to stand. This consideration is all the more pointed as the Judge who tried the case originally is no longer available to say how his verdict would have been affected by such a change in testimony, and by the fact, if it be a fact, that the complainants lied before him. The defendants have served approximately seven years in prison and they face 10 or 12 years more before they will be eligible for parole. In all the circumstances, we think the interest of justice requires a full exploration at an evidentiary hearing with respect to this motion for a new trial on the basis of the alleged recantation. Concur — Kupferman, J. P., Sandler, Sullivan, Silverman and Asch, JJ.