■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT GARLAND, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Kuffner, J.), rendered September 20, 1984, convicting him of robbery in the first degree (two counts), and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of robbery in the first degree under count five of the indictment and robbery in the second degree under count six of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment. As so modified, the judgment is affirmed.

The fifth and sixth counts should not have been submitted to the jury because there was legally insufficient evidence that either the defendant or his accomplice intended to steal Derrick Burton's pants. Wielding a gun, the defendant ordered Mr. Burton to remove his pants and lay face down on the floor. The defendant and his accomplice then proceeded to rob Ms. Rankine's art products store. Before fleeing, they deposited Mr. Burton's pants inside the store by the door.

At the very most, the defendant and his accomplice intended to temporarily deprive Mr. Burton of his pants in an attempt to immobilize him. There was no evidence that the defendant or his accomplice ever intended to permanently appropriate the pants or deprive Mr. Burton of their use (see, Penal Law §§ 160.00, 155.05 [1]; § 155.00 [3], [4]; *People v Parker,* 96 AD2d 1063; *People v Morris,* 39 AD2d 750).

We further find that the Trial Judge did not abuse his discretion in deciding the *Sandoval* motion. Rather, the Judge properly weighed all of the proper considerations before allowing or precluding inquiry regarding the defendant's past convictions and the underlying facts. Moreover, in light of the defendant's lengthy criminal record, we find nothing in the record warranting a modification of his sentence. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.