■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY CULLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered February 22, 1984, convicting him of criminal possession of a weapon in the third degree, criminal possession of stolen property in the third degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reversing the convictions of criminal possession of a weapon in the third degree and criminal possession of stolen property in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant was arrested on June 11, 1981, while driving a vehicle which had been reported stolen by its owner, the defendant's employer. It was uncontested at trial that the defendant had, on numerous occasions, been given permission to use the car overnight, and, on at least one occasion, the defendant had kept the car for five days. The defendant's employer testified that on June 5, 1981, she had given permission to the defendant to use the car for the evening. The car was to be returned by the following morning. When the car had not been returned by June 9, 1981, and after attempts to contact the defendant had failed, she reported her car stolen. The defendant testified that on June 5, 1981, he had not been told when to return the car, and since no one had contacted him to return it, he thought he had the authority to use it.

We find that viewing the evidence in a light most favorable to the People, the evidence was legally sufficient to establish beyond a reasonable doubt that the defendant was guilty of unauthorized use of a vehicle *(see, People v Contes,* 60 NY2d 620). Moreover, upon our factual review power, we are satisfied that the verdict of guilty of that crime was not against the weight of the evidence (CPL 470.15 [5]).

However, we find that the People did not meet their burden of proving the requisite element of the defendant's knowledge that the vehicle was stolen. As such, his conviction of criminal possession of stolen property in the third degree cannot stand.

The crime of criminal possession of stolen property in the third degree requires proof that a larceny was committed *(People v Colon,* 28 NY2d 1, 8-9, *cert denied* 402 US 905). Larceny requires the intent to permanently deprive an owner of his or her property or to deprive the owner of it for so extended a period of time that a major portion of its economic value is lost (Penal Law § 155.05 [1]; *People v Blacknall,* 63 NY2d 912, 913-914; *People v Ward,* 120 AD2d 758, 759).

The record reveals a reasonable doubt regarding the defendant's intent to permanently deprive his employer of the vehicle. To the contrary, the record discloses that the defendant had used the car on one occasion for five days and on numerous occasions for more than one consecutive night. Each time, he had returned the car. No reasonable inference can be drawn which establishes an intent to deprive the owner of the car or its substantial value *(see, People v Palmer,* 111 AD2d 473, 474; *People v Hunter,* 82 AD2d 893, 894, *affd* 55 NY2d 930).

Furthermore, the legislative intent of the unauthorized use of a vehicle statute was to codify the crime of so-called "joy riding" which did not legally amount to larceny because the intent was of a "borrowing" rather than of a "depriving" or "appropriating" nature *(Van Vechten v American Eagle Fire Ins. Co.,* 239 NY 303).

We further find that the verdict finding the defendant guilty of criminal possession of a weapon in the third degree was against the weight of the evidence (CPL 470.20 [2]; *People v Bleakley,* 69 NY2d 490, 495). Therefore, upon the exercise of our factual review power, we reverse that conviction and dismiss that count of the indictment. The prosecution's case on that charge rested entirely upon Penal Law § 265.15 which permits the fact finder to presume possession of a firearm by any occupant of an automobile. The statutory presumption is

sufficient to establish a prima facie case. However, it "may be nullified if the contrary evidence is strong enough to make the presumption incredible" (People v Lemmons, 40 NY2d 505, 510; see also, People v Lester, 61 AD2d 844, 845). In this case, Robert Morton, a passenger in the car at the time of the defendant's arrest, testified that the gun in question was his and that, without the defendant's knowledge, he had been carrying it in his pocket. Morton testified that after the defendant left the car, he took the gun out of his pocket and placed it between his seat and the door where the police found it. Morton's testimony was not impeached and was particularly credible in that he did not have immunity, and a charge of criminal possession of a weapon was pending against him. Indeed, Morton testified that he was willing to plead guilty to this charge. Thus, under the facts of this case, the statutory presumption was rendered incredible and the defendant's conviction cannot stand (see, People v Weeden, 89 AD2d 814, 815; People v Rodriguez, 57 AD2d 746, cert denied sub nom. Santana v New York, 434 US 1038; People v Scott, 53 AD2d 703, 704).

We have reviewed the defendant's contentions of prosecutorial misconduct and find that, in light of the facts that the criminal possession of a weapon and criminal possession of stolen property convictions are reversed and the evidence of unauthorized use of a vehicle was overwhelming, any error in this respect was harmless (see, People v Crimmins, 36 NY2d 230). Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.