■ In the Matter of SHAWN V., a Person Alleged to be a Juvenile Delinquent, Appellant. [771 NYS2d 180]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated March 19, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, and (2) an order of disposition of the same court dated May 7, 2003, which, upon the fact-finding order, adjudicated the appellant to be a juvenile delinquent and, inter alia, placed him on probation for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the proceeding is dismissed.

The appellant contends that the evidence was legally insufficient to establish, beyond a reasonable doubt, that he intended to deprive the complainant of her property. We agree.

The complainant testified that on May 17, 2001, she was approached by Erika W., Fatima T., and the appellant upon exiting a city bus. While Fatima held the complainant's hands, Erika punched her in the stomach, and Fatima threw the complainant on her side. The appellant, meanwhile, was standing to the complainant's side, laughing and "egging Erika on" to take the complainant's bookbag and throw it in a nearby ditch, which

was approximately three-feet deep and protected by a gate the height of the complainant's waist. Erika then removed the complainant's bookbag and eyeglasses from her person, placed the glasses inside the bookbag, and put the bookbag in the ditch. Erika, Fatima, and the appellant then ran away. The complainant could still see her bookbag in the ditch after the appellant and the others had left, but made no immediate attempt to retrieve it because the ditch was muddy and she did not want to fall in. Instead, the complainant ran to her home, which was about a block away. Later that day, the complainant's bookbag was left with the security guard of her apartment building by a girl named Denia.

Viewing the evidence in the light most favorable to the presentment agency (cf. People v Contes, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish that the appellant had the requisite intent to steal the complainant's bookbag and eyeglasses (see People v Parker, 96 AD2d 1063, 1065 [1983]).

The appellant cannot be found to have committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, unless the presentment agency established, beyond a reasonable doubt, that the complainant's bookbag and eyeglasses were in fact stolen (see Penal Law §§ 155.05, 155.30 [5]; §§ 160.00, 160.10, 165.40). Pursuant to Penal Law § 155.05 (1), "[a] person steals property and commits larceny when, with *intent to deprive* another of property [that person] wrongfully takes, obtains or withholds such property from an owner thereof" (emphasis supplied). In turn, to "deprive" another of property means, inter alia, "to dispose of the property in such manner or under such circumstances as to render it *unlikely* that an owner will recover such property" (Penal Law § 155.00 [3] [b] [emphasis supplied]).

Here, there was no evidence that Erika, Fatima, and the appellant intended to dispose of the bookbag and the eyeglasses in such a manner as to make it unlikely that the complainant would recover them. At most, they intended to cause the temporary loss of the complainant's property "in an attempt to humiliate and inconvenience [her]" (*People v Parker, supra* at 1065; see People v Garland, 125 AD2d 328, 329 [1986]). The mens rea element of larceny is simply not satisfied by an intent to temporarily take property without the owner's permission (see People v Jennings, 69 NY2d 103, 119 [1986]). Absent legally sufficient evidence of the appellant's larcenous intent, the order of disposition must be reversed, the fact-finding order vacated, and the petition dismissed.

In light of our determination, we need not address the appellant's remaining contentions. Altman, J.P., Krausman, Crane and Cozier, JJ., concur.