■ In the Matter of ARKEL WILSON, Petitioner, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [933 NYS2d 667]—

The finding that petitioner was in constructive possession of a loaded firearm on the date at issue, based on the statutory presumption of Penal Law § 265.15, was not supported by substantial evidence (*see Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984]).

Petitioner was driving his friend's car when it was stopped for a traffic violation. His friend was sitting in the front passenger seat and petitioner's brother was sitting behind petitioner in the back seat.

One of the arresting officers testified that after shining his flashlight into the car, he was able to see some loose cartridges on the rear floor mat behind the passenger seat. Consequently, the car was searched and a loaded firearm and additional ammunition were recovered in a cooler bag underneath the front passenger seat where petitioner's friend was sitting. While all three occupants of the car were arrested, the officer testified that, as far as he knew, there was no criminal case against petitioner.*

The other arresting officer testified that he did not see the loose ammunition in the back seat when he first approached the vehicle and that he took a verbal statement from petitioner's friend, who said that the firearm and the ammunition found in the bag was his. Petitioner testified that he did not know that there was a gun or cartridges in his friend's car. He never saw a bag under the front passenger seat and did not look into the back seat.

By this evidence, the presumption that petitioner possessed a loaded firearm was rebutted (Penal Law § 265.15 [3]). Indeed, there is no evidence that petitioner had access to the bag hidden under the front passenger seat or that he was aware of its contents (*see People v Lemmons*, 40 NY2d 505, 511 [1976]), and petitioner's friend, the owner of the car, admitted against his

---

* We note that on August 25, 2010 petitioner pleaded guilty to the traffic violation of illegal signaling, and was sentenced to a conditional discharge of one year and a $1 fine.

penal interest that the firearm found in the car was his (*see People v Cullen*, 138 AD2d 501, 503 [1988] [statutory presumption was rendered incredible where a passenger in the car at the time of the defendant's arrest testified that the gun in question was his and that, without the defendant's knowledge, he had been carrying it in his pocket]). As such, it was error for the Hearing Officer to find that petitioner possessed a firearm and to recommend that he be terminated from his position. Concur—Andrias, J.P., Sweeny, Acosta, Freedman and Manzanet-Daniels, JJ.