*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 20, 2016                107085
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

          v                                    MEMORANDUM AND ORDER

PIERRE L. DROUIN,
                        Appellant.
_____

Calendar Date:   September 14, 2016

Before:   McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ.

                        _____


          Rebecca L. Fox, Plattsburgh, for appellant.

          Craig P. Carriero, District Attorney, Malone (Jennifer M.
Hollis of counsel), for respondent.

                        _____


McCarthy, J.P.

          Appeal from a judgment of the County Court of Franklin
County (Main Jr., J.), rendered August 11, 2014, upon a verdict
convicting defendant of the crime of grand larceny in the third
degree.

          The facts of this case are largely uncontested.  In August
2013, defendant, a landlord, noticed that tools had gone missing
from a garage that he had previously permitted a tenant and the
tenant's friends to use.  Thereafter, defendant removed the
tenant's 2003 Suzuki all-terrain vehicle (hereinafter the ATV)
from the garage and stored it at the house of a friend.  Upon the
tenant's realization that defendant had taken the ATV, he
contacted law enforcement authorities, which eventually led to
defendant's arrest and his indictment based on a single count of

grand larceny in the third degree.  After a jury trial, defendant was convicted as charged.  He appeals,[1] and we reverse and dismiss the indictment.

We agree with defendant that the evidence was legally insufficient to support the verdict.  Larcenous intent is the "intent to deprive another of property or to appropriate the same to himself or to a third person" (Penal Law § 155.05 [1]; see People v Medina, 18 NY3d 98, 103 [2011]).  The terms "deprive" and "appropriate" are both essential to larcenous intent and refer to a purpose "to exert permanent or virtually permanent control over the property taken, or to cause permanent or virtually permanent loss to the owner of the possession and use thereof" (People v Medina, 18 NY3d at 105 [internal quotation marks, emphasis and citation omitted]).  For this reason, "[t]he mens rea element of larceny is simply not satisfied by an intent to temporarily take property without the owner's permission" (Matter of Shawn V., 4 AD3d 369, 370 [2004]; see People v Medina, 18 NY3d at 104; People v Jennings, 69 NY2d 103, 119 [1986]).[2] The proof introduced at trial supported the singular reasonable conclusion that defendant was executing a plan to temporarily deprive the tenant of the ATV in order to force him to return defendant's missing tools;[3] defendant contemporaneously expressed this plan and, after storing the ATV at a friend's property, made

---

[1]    This Court has been informed that, during the pendency of this appeal, defendant was deported.

[2]    Thus, the People's contention that they did not have to prove that defendant intended to permanently appropriate the ATV or permanently deprive the tenant of it is incorrect as a matter of law.

[3]    The fact that this would have been an objectively unreasonable plan if defendant were incorrect in his belief that the tenant had or could acquire the tools — a point which the People emphasized during summation — is irrelevant, as mens rea refers to defendant's mental state rather than the mental state of an objectively reasonable hypothetical defendant.

no effort to use or sell the ATV.  The sole reasonable conclusion to reach from this evidence is that defendant planned to return the ATV in exchange for the tools.  Although defendant clearly intended to benefit from the temporary possession of the property through securing the return of his tools, that is not an intent sufficient to support a conviction based upon larceny (see People v Jennings, 69 NY2d at 119; Van Vechten v American Eagle Fire Ins. Co., 239 NY 303, 305 [1925]; People v Cantoni, 140 AD3d 782, 784 [2016]).  Accordingly, because there was legally insufficient evidence to satisfy the requisite mens rea (see People v Jennings, 69 NY2d at 119; Matter of Shawn V., 4 AD3d at 370), we reverse and dismiss the indictment.  In any event, and even if this were not the case, the same remedy would be warranted upon our weight of the evidence review.  Considering the weight of the credible evidence, the conclusion that the People proved beyond a reasonable doubt that defendant intended to permanently appropriate the ATV, or permanently deprive the tenant of it, is not justified.  Accordingly, the verdict is also against the weight of the evidence.

Lynch, Rose, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is reversed, on the law, and indictment dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court