People v Richardson (2018 NY Slip Op 08368)





People v Richardson


2018 NY Slip Op 08368


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

107973

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL D. RICHARDSON, Appellant.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


John R. Trice, Elmira, for appellant.
Joseph A. McBride, District Attorney, Norwich (Karen Fisher McGee, New York State Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeals (1) from a judgment of the County Court of Chenango County (Smith, J.), rendered June 4, 2013, upon a verdict convicting defendant of the crime of making a terroristic threat, and (2) by permission, from an order of said court (Downey, J.), entered December 15, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant has a violent criminal history that includes assaults upon his estranged wife in the presence of their children. Due to defendant's volatile behavior, various proceedings were conducted in County Court and Family Court resulting in, among other things, the issuance of an order of protection in favor of defendant's estranged wife and the removal of his children from the home. In July 2012, while defendant was in jail for violating an order of protection, he sent two letters to his estranged wife in envelopes addressed to her mother. In one letter, defendant expressed his anger toward various individuals involved in the judicial proceedings impacting his family, including an unnamed judge. Defendant wrote, "These [c]ounty officials are way too [easy] to get my hands on" and that he had made some "really useful contacts
. . . with heavy explosives." Defendant also wrote, "I want to just to walk up slowly to the judge [and] put a 45 slug [between] his eyes" (emphasis omitted), that he "want[ed] to hurt people [r]eal [r]eal [b]ad" and listed specific individuals who would be next. In the other letter, defendant wrote that he "mocked . . . the judge[,] called him a clown," that he "told him he is to be removed because of all the conflicts of interest" and that he would "deal with him in [three] months when [he got] out."
As a result, defendant was charged in an indictment with making a terroristic threat (see Penal Law § 490.20 [1]). Following a jury trial, defendant was convicted as charged. County Court thereafter sentenced defendant to seven years in prison, followed by three years of postrelease supervision. During the pendency of this appeal, defendant made a pro se motion [*2]under CPL 440.10 (1) (h) to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel. In a December 2016 order, County Court denied the motion without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the December 2016 order.
Defendant contends, among other things, that the verdict finding him guilty of making a terroristic threat is not supported by the weight of the evidence. Where, as here, a contrary result would not have been unreasonable, we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Danielson, 9 NY3d 342, 348 [2007]; see People v Bleakley, 69 NY2d 490, 495 [1987]). As part of our weight of the evidence review, "we necessarily consider whether all of the elements of the charged crime[] were proven beyond a reasonable doubt" (People v Coleman, 144 AD3d 1197, 1198 [2016] [internal quotation marks and citations omitted]; see People v Danielson, 9 NY3d at 349; People v Wright, 139 AD3d 1094, 1096 [2016], lvs denied 28 NY3d 939 [2016], 29 NY3d 1089 [2017]; People v Agron, 106 AD3d 1126, 1127-1128 [2013], lv denied 21 NY3d 1013 [2013]).
As relevant here, "[a] person is guilty of making a terroristic threat when[,] with intent to . . . influence the policy of a unit of government by intimidation or coercion, or affect the conduct of a unit of government by murder, assassination or kidnapping, he or she threatens to commit or cause to be committed a specified offense and thereby causes a reasonable expectation or fear of the imminent commission of such offense" (Penal Law § 490.20 [1]). Defendant's letters clearly detail violent acts against a judge, among others, and the jury was entitled to credit the testimony of the judge that he felt "fearful" upon reading defendant's letters. Furthermore, although such acts were written in letters meant for defendant's wife, as opposed to being addressed directly to the judge, "[i]t shall be no defense . . . that the threat was not made to a person who was a subject thereof" (Penal Law § 490.20 [2]).
Notwithstanding the foregoing, critically missing is evidence demonstrating that defendant intended to influence a policy of a governmental unit by intimidation or coercion or affect the conduct of a governmental unit — a necessary element of the crime of making a terroristic threat (see Penal Law § 490.20 [1]). We note that the Legislature enacted Penal Law article 490 in the wake of the attacks of September 11, 2001. The Legislature was cognizant that there were no state laws to "facilitate the prosecution and punishment of terrorists in state court" and that the attacks of September 11, 2001 "underscore[d] the compelling need for legislation . . . specifically designed to combat the evils of terrorism" (Penal Law § 490.00)[FN1]. "[T]he concept of terrorism has a unique meaning and its implications risk being trivialized if the terminology is applied loosely in situations that do not match our collective understanding of what constitutes a terrorist act" (People v Morales, 20 NY3d 240, 249 [2012]). That said, we have upheld convictions of making a terroristic threat where a defendant threatened to murder the Governor, his family and other citizens unless an imprisoned terrorist was released from prison (see People v Rizvi, 126 AD3d 1172, 1174-1175 [2015], lv denied 25 NY3d 1076 [2015]) or where a defendant threatened to kill employees of a county's social services agency in order to influence such agency's policy concerning contact between children and sex offenders (see People v Jenner, 39 AD3d 1083, 1086 [2007], lv denied 9 NY3d 845 [2007]).
By contrast, the letters here do not indicate that defendant, by threatening violent acts, intended to influence the judge's policy or conduct. Indeed, the record reflects that, in the time between when the two letters were written, defendant was granted visitation by the subject judge. In our view, they reflect defendant's vented anger towards those individuals involved in his Family Court proceedings (cf. People v Adams, 54 Misc 3d 234, 236-237 [Sup Ct, Kings County [*3]2016]). Although we do not sanction defendant's written statements, they do not comport with our current understanding of terrorism (see generally Penal Law § 490.00). Accordingly, viewing the evidence in a neutral light, it cannot be concluded that defendant intended by his actions to influence a governmental policy or affect a governmental unit and, therefore, the verdict finding defendant guilty of making a terroristic threat is against the weight of the evidence (see generally People v Croley, 163 AD3d 1056, 1060 [2018]; People v Drouin, 143 AD3d 1056, 1058 [2016]). Based on our determination herein, defendant's remaining arguments on his appeal from the judgment of conviction and his appeal from the order denying his motion pursuant to CPL 440.10 are academic.
McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the judgment is reversed, on the facts, and indictment dismissed.
ORDERED that the appeal from the order is dismissed, as academic.



Footnotes

Footnote 1: Penal Law § 490.00 listed various examples of terrorism — "the bombings of American embassies in Kenya and Tanzania in 1998, the federal building in Oklahoma City in 1995, Pan Am Flight number 103 in Lockerbie in 1988, the 1997 shooting atop the Empire State Building, the 1994 murder of Ari Halberstam on the Brooklyn Bridge and the 1993 bombing of the World Trade Center."