People v Kaplan (2019 NY Slip Op 00329)





People v Kaplan


2019 NY Slip Op 00329


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

110141

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GUSTAVO KAPLAN, Appellant.

Calendar Date: December 12, 2018

Before: Lynch, J.P., Mulvey, Devine and Rumsey, JJ.


Mitchell S. Kessler, Cohoes, for appellant.
Jason M. Carusone, District Attorney, Lake George (Travis A. Brown of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered March 3, 2017, upon a verdict convicting defendant of the crime of making a terroristic threat.
Defendant was arrested in July 2015 for an incident that occurred in the Town of Horicon, Warren County. Items that were in his possession when he was arrested — a cell phone, a police scanner, $2,707 in cash and rolling papers — were held as evidence by the Warren County Sheriff's Office (hereinafter the WCSO). On August 2, 2016, the Chester Town Court issued a certificate of disposition reporting that the case against defendant that arose from his arrest in 2015 was concluded on that date. The certificate of disposition did not identify the charges or the disposition of the charges; rather, it reported that the record was sealed. On the same day that the certificate of disposition was issued, defendant presented it to Courtney Howse, the WCSO evidence custodian, and requested the return of his personal property. Howse denied defendant's request, explaining that the certificate of disposition was insufficient because it did not specify the manner of disposition of the charges and, further, that a policy of the WCSO precluded her from releasing personal property held as evidence until at least 30 days after disposition of the case. Howse testified that defendant then became angry and, as he turned to leave, she heard him say that he was going to "come back and shoot the place down." Defendant was arrested and charged by indictment with making a terroristic threat. Following a jury trial, defendant was convicted as charged and was thereafter sentenced to a prison term of five years, followed by three years of postrelease supervision. Defendant appeals.
Defendant first contends that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence. " When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" [*2](People v Croley, 163 AD3d 1056, 1056 [2018] [internal quotation marks and citations omitted]). " As relevant here, '[a] person is guilty of making a terroristic threat when[,] with intent to . . . influence the policy of a unit of government by intimidation or coercion, or affect the conduct of a unit of government by murder, assassination or kidnapping, he or she threatens to commit or cause to be committed a specified offense and thereby causes a reasonable expectation or fear of the imminent commission of such offense'" (People v Richardson, ___ AD3d ___, ___, 2018 NY Slip Op 08368, *2 [2018], quoting Penal Law § 490.20 [1]). We recently noted that the Legislature enacted Penal Law article 490 in the wake of the attacks of September 11, 2001 specifically to combat the evils of terrorism, and that the statute must be applied only in a manner consistent with the unique meaning of the term terrorism by requiring proof of conduct aimed at influencing, as relevant here, government action (People v Richardson, 2018 NY Slip Op 08368 at *2). In that regard, we have upheld convictions for making a terroristic threat where a defendant threatened to kill the Governor unless an imprisoned terrorist was released (People v Rizvi, 126 AD3d 1172, 1174 [2015], lv denied 25 NY3d 1076 [2015]), where a defendant threatened to kill a District Attorney and others unless the District Attorney ceased prosecuting a specified crime (People v Van Patten, 48 AD3d 30, 33 [2007], lv denied 10 NY3d 845 [2008]) and where a defendant threatened to kill employees of a county's social services agency "[to] solve [his] problem" with the agency's policy governing contact between children and sex offenders (People v Jenner, 39 AD3d 1083, 1084-1085 [2007], lv denied 9 NY3d 845 [2007]).
Notably, the record contains no evidence of a necessary element of the crime of making a terroristic threat — that defendant intended to influence a policy of a governmental unit by intimidation or coercion, or that he intended to affect the conduct of a unit of government by murder, assassination or kidnapping. Howse testified that as defendant exited the lobby of the WCSO building, he was mumbling to himself and she "heard the word shoot." She then asked defendant what he had said, and he replied by stating "come back and shoot the place down." Defendant made no statement relating his threat to any policy of the WCSO or demanding that it take any specific action. We do not condone defendant's statement, which understandably raised the concern of the law enforcement officers involved. However, in our view, defendant's threat to "shoot the place down" — made in response to Howse's inquiry — did not evince an intent to influence the policy or actions of the WCSO but, rather, reflected his vented anger that his property had not been returned to him (see People v Richardson, 2018 NY Slip Op 08368 at *2). Accordingly, we conclude that the verdict finding defendant guilty of making a terroristic threat was not supported by legally sufficient evidence and, therefore, his conviction must be reversed (see generally People v Tucker, 141 AD3d 748, 751 [2016]). Defendant's remaining arguments are rendered academic.
Lynch, J.P., Mulvey and Devine, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed.