People v Golding (2022 NY Slip Op 03741)

People v Golding

2022 NY Slip Op 03741

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2019-13676
 (Ind. No. 2319/18)

[*1]The People of the State of New York, respondent,
v
Delroy Golding, appellant.

Patricia Pazner, New York, NY (Caitlyn Carpenter of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Candi Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered November 7, 2019, convicting him of grand larceny in the third degree, criminal possession of stolen property in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of grand larceny in the third degree, criminal possession of stolen property in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The defendant was indicted for grand larceny and other charges related to his activities in a U-Haul parking lot in the early morning hours of October 13, 2018. The defendant took keys to a U-Haul van, sat in the van for approximately two minutes, then exited the van without ever moving it.
"The standard for reviewing the legal sufficiency of evidence in a criminal case is whether 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'" (People v Contes, 60 NY2d 620, 621, quoting Jackson v Virginia, 443 US 307, 319 [emphasis omitted]). As relevant here, in order to sustain a conviction for grand larceny the People must establish that the defendant had the requisite larcenous intent, which means the "intent to deprive another of property or to appropriate the same to himself or to a third person" (Penal Law § 155.05[1]).
"[T]he concepts of 'deprive' and 'appropriate,' which 'are essential to a definition of larcenous intent,' 'connote a purpose . . . to exert permanent or virtually permanent control over the property taken, or to cause permanent or virtually permanent loss to the owner of the possession and use thereof'" (People v Jennings, 69 NY2d 103, 118, quoting Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 155.00, p 103; see Penal Law [*2]§ 155.00[3], [4]). For that reason, "[t]he mens rea element of larceny . . . is simply not satisfied by an intent temporarily to use property without the owner's permission" (People v Jennings, 69 NY2d at 119).
Here, the evidence failed to establish beyond a reasonable doubt that the defendant intended to cause permanent or virtually permanent loss to the owner of the U-Haul van. The People presented evidence in the form of testimony and a video that the defendant, after walking with a young woman on the blocks surrounding the U-Haul facility and parking lot, entered the U-Haul parking lot, took a key from the after hours key return box, used the key to open the driver's side door and sat in the van for approximately two minutes, then exited the van without ever moving it. Seconds after the defendant exited the van, plainclothes police officers arrived in unmarked vehicles and arrested the defendant.
Although the People contend that the defendant exited the van because he was startled by a police sergeant who testified that he had pulled his unmarked sedan alongside the passenger side of the van and then made eye contact with the defendant, the video established that this testimony is impossible of belief because the defendant exited the van before the sergeant's vehicle pulled alongside the passenger side of the van (see People v Garafolo, 44 AD2d 86, 88).
From this evidence, a jury could rationally infer that the defendant intended to use the van temporarily. To prove grand larceny, however, the People had to do more than prove that the defendant intended to use the van temporarily. They had to prove, in addition, that the defendant intended to "permanently deprive an owner of his or her property or to deprive the owner of it for so extended a period of time that a major portion of its economic value is lost" (People v Cullen, 138 AD2d 501, 502). The People did not offer any evidence from which such an inference could be made (see People v Terranova, 147 AD3d 1086, 1087; People v Cantoni, 140 AD3d 782, 783-784; Matter of Shawn V., 4 AD3d 369, 370; People v Garland, 125 AD2d 328, 329).
In the absence of evidence that a larceny was committed, the People also failed to prove a necessary element of criminal possession of stolen property (see People v Colon, 28 NY2d 1, 8-9; People v Reed, 181 AD2d 838, 839; People v Cullen, 138 AD2d at 502).
Accordingly, the convictions of grand larceny in the third and fourth degrees, and criminal possession of stolen property in the third and fourth degrees, must be vacated.
In light of our determination, we need not address the defendant's alternative contention that the challenged convictions were against the weight of the evidence, or his arguments concerning the sentences imposed on those convictions.
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court