## (June 27, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK MONTGOMERY, Appellant.— Judgment, Supreme Court, New York County, rendered February 4, 1971, convicting defendant of robbery in the first degree, attempted robbery in the first degree, grand larceny in the second degree, possession of a weapon and assault (two counts) in the second degree, and sentencing defendant to two concurrent terms of from 5 to 15 years on the convictions for robbery and attempted robbery and to indeterminate sentences, not to exceed 7 years each, to be served concurrently with the sentences for robbery and attempted robbery on the convictions for grand larceny, possession of a weapon and assault (two counts), unanimously modified, on the law and the facts, to reduce the conviction for grand larceny to petit larceny and to reduce the sentence thereon to one year, and otherwise affirmed. Defendant and another held up complainant, a taxicab driver. In the course of the holdup defendant's accomplice was killed. Defendant and the complaining witness engaged in a hand to hand struggle in the course of which defendant took a revolver from the complainant. The course of the struggle brought both participants out of the cab and onto the street. Defendant escaped the hold of the complainant, leaped into the taxicab and drove away, abandoning it after a short drive. The conviction for grand larceny is based on the taking of the cab and the revolver. We believe that there was no theft of the cab. Defendant's acts were not performed in an effort to obtain possession of the vehicle or to withhold it from the owner (Penal Law, § 155.00, subd. 3; § 155.05, subd. 1). The taking was solely for the immediate purpose of effecting an escape and so lacked the felonious intent to appropriate the property permanently (*Van Vechten* v. *American Eagle Fire Ins. Co.*, 239 N. Y. 303, 305; *Parr* v. *Loder,* 97 App. Div. 218, 220). The taking of the revolver would constitute petit larceny only. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Steuer, JJ.

■ SHELLMAN JOHNSON, Appellant, v. CROWN HEIGHTS COMMUNITY CORPORATION et al., Respondents.— Judgment, Supreme Court, New York County, entered on January 27, 1972, unanimously reversed, on the law, without costs and without disbursements, the motion to dismiss the petition for insufficiency denied, and the matter is remanded to Special Term for further proceedings, with leave to respondents to serve and file an answer (see CPLR 7804, subd. [e]). The petition raises a question as to whether petitioner's procedural and substantive rights were violated, which cannot be determined as a matter of law upon the bare allegations of the petition. Only after respondents have answered can there be any meaningful disposition of this proceeding. The prior order of this court entered on June 20, 1972, and the memorandum decision filed therewith, are vacated. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Steuer, JJ. [39 A D 2d 872].