■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN BRIGHTLY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.),

rendered October 31, 1986, convicting him of robbery in the second degree, grand larceny in the second degree and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we conclude that the prosecution presented legally sufficient evidence to establish that the defendant intended to "deprive" the complainant of his automobile or intended to "appropriate" the same to himself within the meaning of Penal Law § 155.05 (1) and § 155.00 (3) and (4). The evidence, when viewed in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), established that while the defendant and his companions were in the complainant's livery cab, they announced a "stick-up", forced the complainant to give up control of the vehicle, pushed him out of the car and drove away. Although the car was discovered several minutes later with the key in the ignition and the motor running, the facts do not suggest an intent on the defendant's part other than to permanently deprive the complainant of his vehicle. To this extent, the case is distinguishable from People v Montgomery (39 AD2d 889) wherein the defendant, after engaging in an unsuccessful holdup of a cab driver, during which his accomplice was killed, escaped in the cab which he abandoned after a short drive. Therein, the First Department determined that there was insufficient evidence to establish a theft of the cab since the "[d]efendant's acts were not performed in an effort to obtain possession of the vehicle or to withhold it from the owner (Penal Law, § 155.00, subd. 3; § 155.05, subd. 1). The taking was solely for the immediate purpose of effecting an escape and so lacked the felonious intent to appropriate the property permanently" (supra). In the case at bar, however, the evidence clearly demonstrates that the defendant's sole intention was to steal the complainant's vehicle (see, People v Burnice, 112 AD2d 642; cf., People v Garland, 125 AD2d 328; People v Parker, 96 AD2d 1063). Moreover, based upon the exercise of our factual review power (CPL 470.15 [5]), we conclude that the verdict was not against the weight of the evidence.

Additionally, we find that the People provided sufficient evidence from which the jury could infer that the market value of the complainant's taxicab at the time and place of the theft was in excess of the $1,500 statutory minimum necessary to sustain the conviction (see, People v Callaway, 133 AD2d 838; People v Delaney, 127 AD2d 682; cf., People v

*James,* 111 AD2d 254, *affd* 67 NY2d 662). Moreover, we find that the jury's determination on this issue was not against the weight of the evidence. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.