■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DICKSON MONTALVO, Appellant. [628 NYS2d 652] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered March 29, 1993, convicting defendant, after jury trial, of grand larceny in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The evidence viewed in the light most favorable to the People (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), established that defendant had taken the victim's car keys and deprived him of his jeep for 4 hours and that during that time the car was severely vandalized, and was legally sufficient to support the conviction of grand larceny in the third degree (*see, People v Kirnon*, 39 AD2d 666, *affd* 31 NY2d 877; *see also, People v Brightly*, 148 AD2d 623, *lv denied* 74 NY2d 737). Defendant's claim that the court in its charge improperly implied to the jury that borrowing or returning the vehicle would support a conviction of grand larceny is unpreserved for appellate review since he failed to object at trial (CPL 470.05 [2]). Similarly, defendant's claim that the court improperly charged the jury not to consider subsequent facts in determining intent is also unpreserved since only the co-defendant objected. We decline to review these claims in the interest of justice. In any event, were we to review, we would find them meritless since the record does not support defendant's claims. Concur—Sullivan, J. P., Rubin, Asch and Williams, JJ.