■ The People of the State of New York, Respondent, v Keith Todd, Appellant. [761 NYS2d 312] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered November 6, 2000, convicting him of sodomy in the first degree, course of sexual conduct against a child in the first degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The granting of an order of exclusion of witnesses from the courtroom is discretionary and the denial of a request for such relief is not reversible error unless it can be shown that the trial court did not properly exercise its discretion (*see People v Lloyde,* 106 AD2d 405 [1984]; *People v Felder,* 39 AD2d 373 [1972]). The denial by the Supreme Court of the defendant's request to exclude the grandmother of the then nine-year-old victim from the courtroom was a provident exercise of discretion. The victim specifically requested that her grandmother be present while she testified. Moreover, the grandmother, who was a defense witness, had no direct knowledge of the acts testified to by the victim. Thus, her testimony was collateral and the defendant suffered no prejudice by her presence during the victim's testimony.

We reject the defendant's contention that he was deprived of his right to the effective assistance of counsel because the defense counsel failed to give timely notice of the defendant's intention to testify before the grand jury. Effective assistance of counsel is satisfied "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147 [1981]). "Defense counsel's failure to timely facilitate [the] defendant's intention to testify before the Grand Jury does not, per se, amount to a denial of effective assistance of counsel under the circumstances of this case" (*People v Wiggins,* 89 NY2d 872, 873 [1996]).

The minimal questioning by the Supreme Court of the victim was solely for the purpose of clarifying her unclear answers and therefore did not deprive the defendant of a fair trial (*see People v Yut Wai Tom,* 53 NY2d 44 [1981]).

The defendant's present contention that the Supreme Court erred in determining that he was a second felony offender without holding a hearing is unpreserved for appellate review since he did not object to the procedures utilized by the Supreme Court in determining his status as a second felony offender (*see* CPL 470.05 [2]; *People v Smith,* 73 NY2d 961 [1989]). In any event, the record establishes that the defendant was given notice of and an opportunity to controvert the allegations made in the prior felony conviction statement, admitted he was the person convicted in the prior statement, and yet failed to timely specify the allegations he sought to controvert. Thus, the Supreme Court properly deemed the allegations admitted and sentenced the defendant as a second felony offender without holding a hearing (*see People v Sailor,* 65 NY2d 224 [1985], *cert denied* 474 US 982 [1985]; *People v Bouyea,* 64 NY2d 1140 [1985]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Ritter, J.P., Smith, S. Miller and Adams, JJ., concur.