■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB J. SABO, Appellant. [792 NYS2d 645]—

Rose, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered December 15, 2003, upon a verdict convicting defendant of the crime of offering a false instrument for filing in the first degree.

Defendant was charged in a three-count indictment with the crimes of offering a false instrument for filing in the first degree, defrauding the government and menacing in the second degree. The bill of particulars asserted the factual bases constituting count one. They included the allegation that defendant falsely stated on an application for employment as a police officer for the Village of Fleishmanns, Delaware County, that he had not previously been convicted of a crime. In the same application, defendant was also alleged to have falsely stated that he had not been terminated from prior employment. In its jury instructions, County Court separately charged the elements of offering

a false instrument for filing for each of these two factual bases. The jury acquitted defendant of the charges of defrauding the government and menacing, and found that he had not falsely answered the prior employment question, but that he had falsely answered "No" to the question asking whether he had been convicted of a crime and, thus, was guilty of offering a false instrument for filing. Defendant now appeals.

Defendant's initial contention that County Court improperly divided count one of the indictment into two separate charges, one based on a false statement that he had not been convicted of a crime and one based on a false statement that he had not been terminated from prior employment, is unpreserved for our review (see People v Jackson, 76 NY2d 908, 909 [1990]; People v Padro, 75 NY2d 820, 821 [1990] [motion pursuant to CPL 330.30 is insufficient to preserve a "question of law"]). Were we to consider it, however, we would find no error because County Court did not amend count one to alter its factual bases, change the consistently asserted theories of the prosecution or multiply the charges against defendant (cf. People v Perez, 83 NY2d 269, 274 [1994]; People v Geyer, 196 NY 364, 367 [1909]; People v Plaisted, 1 AD3d 805, 806 [2003]). The court took the reasonable precaution of giving a separate charge for each factual basis in order to avoid a verdict that would not be unanimous if some jurors found that defendant had falsely answered the previous conviction question while other jurors found that he had falsely answered the previous termination question. County Court made it clear that defendant would be guilty of only one count of offering a false instrument for filing even if the jury found all elements of both bases for that charge. Defendant was well aware of the prosecution's theories underlying count one at least since the service of the bill of particulars, and he has demonstrated no prejudice as a result of County Court's decision to charge count one as it did (see CPL 200.70 [1]).

Nor did County Court err in its instruction that the element of defendant's knowledge of the false statement in his application would be established if the jury found that he knew the "No" answer box had been checked for the prior conviction question. County Court tailored its instruction to defendant's testimony at trial that he left the answer blank because he knew he had previously been convicted in Vermont, but did not know whether the offense—illegal operation of a landfill—constituted a crime. Inasmuch as County Court also instructed the jury that they must make a separate finding that defendant had checked the "No" answer box, the prosecution was not relieved of its burden to prove beyond a reasonable doubt that defendant

had, himself, checked the answer "No" and thereby knew his answer to be false (*see People v Coleman*, 70 NY2d 817, 819 [1987]; *People v Ladd*, 224 AD2d 881, 883 [1996], *affd* 89 NY2d 893 [1996]; *cf. People v Davis*, 94 AD2d 900, 901 [1983]).

We also find that the evidence was legally sufficient to establish the elements of offering a false instrument for filing in the first degree (*see People v Contes*, 60 NY2d 620, 621 [1983]). Likewise, as the jury was entitled to reject defendant's claim that someone else answered "No" to the question regarding prior criminal convictions, we are satisfied that the verdict on count one was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

We have reviewed defendant's other contentions, including those regarding prosecutorial misconduct and the improper introduction of evidence of prior occasions when he made false statements about himself, and find them to be without merit.

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.