Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered October 26, 2011, convicting him of grand larceny in the fourth degree and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant was charged with grand larceny in the third *1093 degree, a class D felony pursuant to Penal Law § 155.35, and other related crimes in connection with his alleged taking of the complainant’s automobile on April 13, 2011. The complainant, who owned an ATM located at a minimart on Staten Island, had parked in the minimart parking lot to stock the ATM with cash, and left his keys in the ignition of the vehicle. While in the minimart, the complainant learned that his car was being driven away by someone. The complainant ran outside and saw the defendant in the driver’s seat of his vehicle, backing it up. The complainant jumped onto the hood of his vehicle and yelled “It’s my car, get out of my car.” The defendant drove it in reverse until the complainant slid off the hood, and then the defendant sped away. The incident was videotaped by a store surveillance camera. Minutes later, the vehicle was found abandoned at a nearby intersection, and the defendant was arrested on a train platform located across the street. The complainant’s personal property that was inside the vehicle prior to the incident, including $10,000 stored in a bank bag, four Mets-Yankees tickets, and a checkbook, were still there when the car was recovered.
A jury acquitted the defendant of grand larceny in the third degree, but convicted him of grand larceny in the fourth degree, a class E felony pursuant to Penal Law § 155.30, and reckless endangerment in the second degree, a class A misdemeanor pursuant to Penal Law § 120.20. On appeal, the defendant contends that the evidence was legally insufficient to establish his guilt of grand larceny in the fourth degree beyond a reasonable doubt, and is otherwise against the weight of the evidence. Specifically, he argues that the People failed to prove beyond a reasonable doubt that he intended to permanently “deprive” the complainant of his vehicle, or “appropriate” it to himself or another, as those terms are defined by Penal Law § 155.00 (3) and (4).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant’s guilt of grand larceny in the fourth degree. The jury could have rationally inferred that the defendant possessed the requisite intent from the fact that the defendant drove the vehicle from the minimart lot after the complainant had clung to its hood shouting “It’s my car, get out of my car” (cf. People v Pauli, 130 AD2d 389 [1987]). Further, the jury could have rationally inferred that the defendant’s plan for the car changed after the crime was completed, given the circumstances of the theft and the fact that several people witnessed it.
*1094 Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to grand larceny in the fourth degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s challenge to the trial court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) is without merit. By precluding the prosecutor from eliciting the underlying facts of the defendant’s convictions, the Supreme Court avoided any undue prejudice to the defendant (see People v Thompson, 99 AD3d 819 [2012]).
Accordingly, the judgment of conviction must be affirmed.
Dillon, J.R, Leventhal, Sgroi and Maltese, JJ., concur.