■ The People of the State of New York, Respondent, v Jared Ojeda, Appellant. [988 NYS2d 222]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered May 9, 2011, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and sentencing him, as a juvenile offender, to concurrent indeterminate terms of imprisonment of $3^{1}/_{3}$ to 10 years.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed from concurrent indeterminate terms of imprisonment of $3^{1}/_{3}$ to 10 years to concurrent indeterminate terms of imprisonment of 2 to 6 years; as so modified, the judgment is affirmed.

The defendant's contention that he was deprived of the right to a fair trial by excessive interference by the trial court in the prosecution of the case is unpreserved for appellate review, as the defendant did not object to any of the conduct about which he now complains (see CPL 470.05 [2]). In any event, the defendant's contention is without merit. A trial court has wide discretion in directing the presentation of evidence, but it must exercise that discretion appropriately and without prejudice to the parties (see People v Arnold, 98 NY2d 63, 67 [2002]; CPL 260.30). At times, a court must take a more active role in the presentation of evidence in order to clarify a confusing issue or to avoid misleading the trier of fact, but it should do so sparingly and without partiality, bias, or hostility (see People v Arnold, 98 NY2d at 67; People v Moulton, 43 NY2d 944, 945 [1978]; People v Jamison, 47 NY2d 882, 883 [1979]). "[T]he line is crossed when the judge takes on either the function or appearance of an advocate at trial" (People v Arnold, 98 NY2d at 67; see People v Yut Wai Tom, 53 NY2d 44, 58 [1981]; People v De Jesus, 42 NY2d 519, 523-524 [1977]; People v Mees, 47 NY2d 997, 998 [1979]). While the record shows that the trial court engaged in extensive and often unnecessary questioning of the witnesses, the trial court did not become an advocate for the People or usurp the role of the prosecutor or defense counsel (see People v Melendez, 31 AD3d 186 [2006]). Furthermore, the record as a whole shows that the trial court was impartial and not biased against the defendant.

The Supreme Court providently exercised its discretion in denying the defendant's application for youthful offender status. Since the defendant was convicted of armed felony offenses (see CPL 1.20 [41] [b]; Penal Law §§ 70.02 [1] [a]; 140.30 [4]; 160.15

[4]), he could only be adjudicated a youthful offender if there existed "mitigating circumstances that [bore] directly upon the manner in which the crime was committed," or if his participation in the crimes was "relatively minor" (CPL 720.10 [3] [i], [ii]). Contrary to the defendant's contention, there were insufficient mitigating circumstances to support such an adjudication here (cf. *People v Henry*, 76 AD3d 1031 [2010]; *People v Jhang*, 302 AD2d 606, 607 [2003]; *People v Fields*, 287 AD2d 577 [2001]; *People v Chan*, 87 AD2d 892 [1982]; compare *People v Shrubsall*, 167 AD2d 929 [1990]; *People v Noel*, 106 AD2d 854 [1984]; *People v Ortiz*, 97 AD2d 710 [1983]). However, the defendant, who was 15 years old at the time of the offenses, was sentenced to the maximum indeterminate terms of imprisonment for a juvenile offender (see Penal Law § 70.05 [2] [c]; [3] [c]). Under the circumstances of this case, including the defendant's lack of any juvenile or criminal record, and the recommendations in the presentence report, the sentence imposed was excessive to the extent indicated (see *People v Crew*, 114 AD3d 696 [2014]; *People v Green*, 110 AD3d 825 [2013]; *People v Keenan*, 130 AD2d 592, 593 [1987]). Dickerson, J.P., Leventhal, Hall and Miller, JJ., concur.