■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABRIZIO TERRANOVA, Appellant. [48 NYS3d 430]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopresto, J.), rendered February 20, 2014, convicting him of robbery in the first degree, attempted robbery in the second degree, criminal possession of a weapon in the third degree, attempted robbery in the third degree, criminal possession of stolen property in the fourth degree, and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the convictions of attempted robbery in the second degree under count two of the indictment and attempted robbery in the third degree under count four of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant was convicted, after a nonjury trial, of multiple crimes relating to a series of events that occurred on May 1, 2012. On appeal, he contends that the evidence was legally insufficient to support his convictions of attempted robbery in the second degree, criminal possession of a weapon in the third degree, attempted robbery in the third degree, criminal possession of stolen property in the fourth degree, and criminal possession of a weapon in the fourth degree. He further contends that the verdict of guilt as to all counts, including the count of robbery in the first degree, was against the weight of the evidence.

The defendant's general motion to dismiss at the close of the People's case was insufficient to preserve his contention that the evidence was legally insufficient as to certain counts (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Finger*, 95 NY2d 894, 894 [2000]; *People v Bynum*, 70 NY2d 858, 859 [1987]; *People v Stahl*, 53 NY2d 1048, 1050 [1981]; *cf.* CPL 470.05 [2]). However, upon our independent review of the rec-

ord (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we find that the verdict of guilt as to the counts of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [3]) and attempted robbery in the third degree (Penal Law §§ 110.00, 160.05) was against the weight of the evidence.

"In order to sustain a conviction for robbery . . . the People must establish that defendant had the requisite intent—that is, larcenous intent. Larcenous intent means the 'intent to deprive another of property or to appropriate the same to himself or to a third person' " (*People v Medina*, 18 NY3d 98, 103 [2011], quoting Penal Law § 155.05 [1]; *see* Penal Law § 160.00). The terms "deprive" and "appropriate" are specifically defined in Penal Law § 155.00 (3) and (4), respectively, and connote a purpose "to exert permanent or virtually permanent control over the property taken, or to cause permanent or virtually permanent loss to the owner of the possession and use thereof" (*People v Jennings*, 69 NY2d 103, 118 [1986] [internal quotation marks omitted]; *see People v Medina*, 18 NY3d at 105; *People v Cantoni*, 140 AD3d 782, 783 [2016]). Thus, "[t]he mens rea element of larceny . . . is simply not satisfied by an intent temporarily to use property without the owner's permission, or even an intent to appropriate outright the benefits of the property's short-term use" (*People v Jennings*, 69 NY2d at 119; *see People v Cantoni*, 140 AD3d at 783).

Here, the People presented proof that, following an earlier altercation with four men, the defendant, "covered in blood," and apparently bleeding from the neck, approached the vehicle of one of the complainants, asked to be taken to the hospital, and tried to open the front driver's door. The complainant "let go of the clutch," "took off," and called the police. From this evidence, a trier of facts could rationally infer that the defendant intended to take the vehicle in order to seek medical treatment. However, to prove robbery, the People had to prove that the defendant intended to either exert permanent or virtually permanent control over the vehicle, or dispose of it in such a manner as to render it unlikely that the owner would recover it (*see* Penal Law § 155.00 [3], [4]; *People v Medina*, 18 NY3d at 105; *People v Jennings*, 69 NY2d at 118). The People did not offer any evidence at trial from which such an inference could be made (*see People v Cantoni*, 140 AD3d at 783-784; *People v Montgomery*, 39 AD2d 889 [1972]; *compare People v Watkins*, 117 AD3d 1092, 1093 [2014]; *People v Brightly*, 148 AD2d 623, 624 [1989]). Accordingly, the convictions of attempted robbery in the second degree and attempted robbery in the third degree must be vacated, and those counts of the indictment dismissed.

However, contrary to the defendant's contention, the verdict of guilt was not against the weight of the evidence as to the remaining counts, which counts related to other incidents on the same day (*see People v Romero*, 7 NY3d 633 [2006]).

Also contrary to the defendant's contention, he was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). We note that a trial justice may properly decide a defendant's pretrial *Sandoval* motion (*see People v Sandoval*, 34 NY2d 371 [1974]) and continue to preside at a nonjury trial, as, absent a showing of prejudice, the justice, by virtue of his or her learning and experience, is presumed to have considered only the competent evidence adduced at trial in reaching the verdict (*see People v Moreno*, 70 NY2d 403 [1987]; *People v Brown*, 24 NY2d 168 [1969]; *People v Latella*, 112 AD2d 324 [1985]; *People v Lombardi*, 76 AD2d 891 [1980]). Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.