People v Hickey (2019 NY Slip Op 03165)





People v Hickey


2019 NY Slip Op 03165


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


76 KA 16-00157

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER HICKEY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRITTNEY CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 23, 2015. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree and unauthorized use of a vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of unauthorized use of a vehicle in the third degree and dismissing count three of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of grand larceny in the fourth degree (Penal Law § 155.30 [8]) and unauthorized use of a vehicle in the third degree
(§ 165.05 [1]). As defendant correctly concedes, "[b]y making only a general motion to dismiss the charges . . . after the People rested their case . . . , and by failing to renew . . . the motion at the close of his case," defendant failed to preserve his contention that the conviction of grand larceny in the fourth degree is not supported by legally sufficient evidence (People v Morris, 126 AD3d 1370, 1371 [4th Dept 2015], lv denied 26 NY3d 932 [2015]; see People v Gray, 86 NY2d 10, 19 [1995]). In any event, contrary to defendant's contention, there is a "valid line of reasoning and permissible inferences" that could lead a rational person to conclude, beyond a reasonable doubt (People v Delamota, 18 NY3d 107, 113 [2011]), that when defendant took the vehicle from the victim, he "did so with the intent to deprive the [victim] of [her] vehicle within the meaning of Penal Law § 155.00 (3)" (People v Rolle, 41 AD3d 320, 320 [1st Dept 2007], lv denied 9 NY3d 964 [2007]; see People v Brightly, 148 AD2d 623, 624 [2d Dept 1989], lv denied 74 NY2d 737 [1989]). Here, there was ample evidence in the record that defendant never received permission to take the vehicle and, even after he was contacted by the victim and a police officer and informed the police officer that he would return the vehicle within 20 minutes, he did not do so. Rather, the vehicle was recovered only after defendant was arrested when the police spotted the vehicle at a convenience store. For the same reasons, viewing the evidence in light of the elements of the crime of grand larceny in the fourth degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict convicting defendant of that crime is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to make a specific motion for a trial order of dismissal on the ground that the conviction of grand larceny in the fourth degree is not supported by legally sufficient evidence. It is well settled that "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see People v Bakerx, 114 AD3d 1244, 1245 [4th Dept 2014], lv denied 22 NY3d 1196 [2014]), and here "there was no chance that such a motion would have succeeded" (People v Heary, 104 [*2]AD3d 1208, 1209 [4th Dept 2013], lv denied 21 NY3d 943 [2013], reconsideration denied 21 NY3d 1016 [2013]; see Bakerx, 114 AD3d at 1245). With respect to defendant's claim that defense counsel was ineffective for failing to consult with him when he was removed from the courtroom during trial, we conclude that defendant "failed to sustain his burden to establish that his attorney failed to provide meaningful representation' that compromised his right to a fair trial' " (People v Pavone, 26 NY3d 629, 647 [2015], quoting People v Caban, 5 NY3d 143, 152 [2005]; see People v Huddleston, 160 AD3d 1359, 1361 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]).
Contrary to defendant's further contention, we conclude that Supreme Court did not abuse its discretion by denying his request for substitution of counsel (see generally People v Sides, 75 NY2d 822, 824 [1990]). After making the requisite "minimal inquiry" into defendant's objections with respect to defense counsel (id. at 825), the court "properly determined that there was no basis for substitution of counsel or for further inquiry" (People v Williams, 163 AD3d 1422, 1423-1424 [4th Dept 2018] [internal quotation marks omitted]; see People v Harris, 151 AD3d 1720, 1721 [4th Dept 2017], lv denied 30 NY3d 950 [2017]; People v Benson, 203 AD2d 966, 966 [4th Dept 1994], lv denied 83 NY2d 964 [1994]).
Finally, "because it is impossible to commit the crime of grand larceny in the fourth degree under Penal Law § 155.30 (8) without concomitantly committing the crime of unauthorized use of a vehicle in the third degree under section 165.05 (1)" (People v Swick, 158 AD3d 1131, 1132 [4th Dept 2018], lv denied 31 NY3d 1153 [2018]), we agree with defendant and the People that count three of the indictment, charging the latter crime, must be dismissed because it is a lesser inclusory concurrent count of count two, charging the former crime (see generally People v Miller, 6 NY3d 295, 300 [2006]). We therefore modify the judgment accordingly.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court