People v Johnson (2021 NY Slip Op 03332)





People v Johnson


2021 NY Slip Op 03332


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-03705
 (Ind. No. 4042/15)

[*1]The People of the State of New York, respondent,
v
Pierre Johnson, appellant.


Paul Skip Laisure, New York, NY (Hanna Kon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered February 21, 2019, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's claim that the prosecutor impermissibly commingled the charges from the consolidated indictments during his summation comments is unpreserved for appellate review, since the defendant failed to object to the allegedly improper comments and failed to move for a mistrial on the grounds now argued on appeal (see CPL 470.05[2]; People v Daley, 50 AD3d 1051). In any event, "a court is presumed in a nonjury trial, as here, to have considered only competent evidence in reaching its verdict" (People v Kozlow, 46 AD3d 913, 915). Since the factfinder in this nonjury trial was the court, there is no danger that the defendant's conviction rests upon the prosecutor's summation argument (see People v Marino, 21 AD3d 430, 432; see also People v Terranova, 147 AD3d 1086, 1088).
The defendant also contends that he was deprived of the effective assistance of counsel. However, on this record, the defendant failed to demonstrate the absence of strategic or other legitimate explanations for his attorney's alleged shortcomings (see People v Hymes, 34 NY3d 1178, 1179; People v Sanchez, 191 AD3d 905).
The defendant's remaining contentions are without merit.
MASTRO, J.P., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court