People v Reid (2021 NY Slip Op 05593)





People v Reid


2021 NY Slip Op 05593


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-06235
 (Ind. No. 1076/17)

[*1]The People of the State of New York, respondent,
v
Melbourne Reid, appellant.


Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Jessica Coalter of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered April 20, 2018, convicting him of falsifying business records in the first degree, offering a false instrument for filing in the first degree, making a punishable false written statement (two counts), criminal mischief in the fourth degree, and falsely reporting an incident in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, he was not deprived of his right to a fair trial by the Supreme Court's participation in questioning the trial witnesses. The trial court has a "vital role in clarifying confusing testimony and facilitating the orderly and expeditious progress of the trial" (People v Yut Wai Tom, 53 NY2d 44, 57; see People v Jamison, 47 NY2d 882, 883-884; People v Moulton, 43 NY2d 944; People v De Jesus, 42 NY2d 519). "[W]hen it clearly appears to the judge that for one reason or another the case is not being presented intelligibly to the jury, . . . the judge may, by questions to a witness, elicit relevant and important facts," and "may interrogate a witness after a cross-examination that appears to be misleading to the jury" (People v Yut Wai Tom, 53 NY2d at 56-57 [internal quotation marks omitted]). "The overarching principle restraining the court's discretion is that it is the function of the judge to protect the record at trial, not to make it" (People v Arnold, 98 NY2d 63, 67). The conduct of the court must be "measured both qualitatively and quantitatively" (People v Yut Wai Tom, 53 NY2d at 55). Here, the majority of the court's injections during the trial testimony were to clarify confusing or non-responsive answers given by the witnesses (see People v Todd, 306 AD2d 504, 505), or to ensure that the jury understood certain jargon used by the witnesses describing law enforcement practices (see People v Adams, 117 AD3d 104, 110). While the record shows that the certain of the court's questions were gratuitous or improper, the court did not become an advocate for the People or usurp the role of the prosecutor (see People v Ojeda, 118 AD3d 919, 919). Rather, the record as a whole demonstrates that the court was impartial and not biased against the defendant (see id.).
A count in an indictment is void as duplicitous when that "single count charges more than one offense" (People v Alonzo, 16 NY3d 267, 269; see People v Davis, 72 NY2d 32, 38; People v Gerardi, 165 AD3d 1281, 1282). Even if a count is valid on its face, it is nonetheless duplicitous [*2]where the evidence presented at trial "'makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict'" (People v Jean, 117 AD3d 875, 877, quoting People v Black, 65 AD3d 811, 813). Here, contrary to the defendant's contention, the evidence presented at trial did not make plain that multiple criminal acts occurred under the count of the indictment charging him with falsifying business records in the first degree, since his conduct generated a singular insurance claim file replete with misinformation (see People v Boylan, 193 AD3d 964, 966; see also People v Kaid, 43 AD3d 1077, 1080). Accordingly, that count of the indictment was not duplicitous.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court