People v Medina (2022 NY Slip Op 04566)

People v Medina

2022 NY Slip Op 04566

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2019-06100
 (Ind. No. 808/18)

[*1]The People of the State of New York, respondent,
v
Ricardo Medina, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Benjamin E. Mannion of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered May 15, 2019, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, tampering with physical evidence, menacing in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of assault in the third degree and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
After a jury trial, the defendant was convicted of two counts of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, tampering with physical evidence, menacing in the second degree, and assault in the third degree, arising out of an altercation outside a bar between the defendant and a codefendant and three complainants.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, the defendant's contentions are without merit as to the two counts of criminal possession of a weapon in the second degree and the counts of criminal possession of a weapon in the third degree, tampering with physical evidence, and menacing in the second degree. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt on those counts. In particular, the evidence was legally sufficient to establish the operability of a loaded firearm that was brandished and then hidden in a paper bag and dropped into a garbage can as the police were arriving during the events at issue (see People v Hafeez, 100 NY2d 253, 259-260; People v Cavines, 70 NY2d 882, 883; People v Yarborough, 158 AD3d 430, 431). Further, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we are satisfied that the verdict of guilt on each of those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643).
However, the evidence was legally insufficient to support the defendant's conviction of assault in the third degree, charged in count 6 of the indictment. The evidence, when viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 620), was not legally sufficient to establish, beyond a reasonable doubt, that the complainant named in count 6 of the indictment sustained a physical injury within the meaning of Penal Law § 10.00(9). Physical injury is defined as "impairment of physical condition or substantial pain" (id.). Here, the evidence at trial established that this complainant was attacked and that he suffered bruises to his face and neck. This complainant testified at trial that he was not in pain during the time of the attack and that his bruises lasted a couple of weeks. He did not testify that he was in pain after the attack or that he took any medication or sought medical attention. Under these circumstances, there was insufficient evidence to show that this complainant suffered a physical injury within the meaning of Penal Law § 10.00(9) (see People v Rodriguez, 199 AD3d 712, 712-713; People v Williams, 146 AD3d 906, 909). Accordingly, the defendant's conviction of assault in the third degree and the sentence imposed thereon must be vacated, and count 6 of the indictment must be dismissed.
The defendant's contention that defense counsel was ineffective because counsel did not preserve the issue of the operability of the firearm is without merit, as defense counsel did not err in failing to raise an issue that had no chance of success (see People v Caban, 5 NY3d 143, 152).
The defendant's contention that certain comments made by the prosecutor during summation were improper and deprived him of a fair trial is largely unpreserved for appellate review since the defendant failed to object to most of the comments at issue (see CPL 470.05[2]; People v Stallone, 204 AD3d 841, 842; People v Munnerlyn, 193 AD3d 981, 982). In any event, the prosecutor's comments that one of the complainants had no motive to lie were fair responses to the summation by defense counsel (see People v Beaupre, 170 AD3d 1031, 1033; People v Marcus, 112 AD3d 652, 653). Likewise, the prosecutor's comment that the defendant "sucker punched" one of the complainants was a reiteration of the testimony of one of the other complainants at the trial and was not inflammatory (see generally People v Dumervil, ___ AD3d ___, 2022 NY Slip Op 03249, *2 [2d Dept]).
The prosecutor's comment that one of the complainants feared that he would never see his child again was based on the evidence (see generally id. at *2) and relevant to the charge of menacing in the second degree (see Penal Law § 120.14[1]; see generally Matter of Kalyan v Trasybule, 189 AD3d 1046, 1048).
Although references to race generally should be avoided so as not to arouse racially prejudiced attitudes or undermine the jury's dispassionate and objective consideration of the evidence (see People v Thomas, 129 AD2d 596, 597), here, the prosecutor's comment that the defendant did not like the fact that one of the complainants, a white man, was dating a black woman, was not improper. The statement was based on evidence in the record and was relevant to show the basis for the altercation at issue (see People v Dominguez, 275 AD2d 468, 469).
Finally, although the prosecutor's comments about one of the complainant's work with disabled children—elicited at trial without objection—were improper and designed to appeal to the jury's sympathy (see People v Dixon, 184 AD3d 854, 854; People v Cherry, 163 AD3d 706, 707), these comments did not deprive the defendant of a fair trial and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt as to all of the counts except, as previously noted, assault in the third degree, and no significant probability that any error contributed to the convictions (see People v Crimmins, 36 NY2d 230, 237; People v Cherry, 163 AD3d at 707).
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court