People v Arch (2022 NY Slip Op 05431)

People v Arch

2022 NY Slip Op 05431

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, WINSLOW, AND BANNISTER, JJ.

649 KA 16-00192

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HERBERT L. ARCH, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered December 15, 2015. The judgment convicted defendant upon a jury verdict of offering a false instrument for filing in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of offering a false instrument for filing in the first degree (Penal Law § 175.35 [1]). Even assuming, arguendo, that defendant preserved for our review his contention that the indictment was rendered duplicitous by the evidence presented at trial (see People v Allen, 24 NY3d 441, 449-450 [2014]), we nevertheless reject that contention.
"A count in an indictment is void as duplicitous when that 'single count charges more than one offense' " (People v Reid, 198 AD3d 819, 820 [2d Dept 2021], lv denied 37 NY3d 1164 [2022], quoting People v Alonzo, 16 NY3d 267, 269 [2011]; see CPL 200.30 [1]). "Even if a count is valid on its face, it is nonetheless duplicitous where the evidence presented at trial makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict" (Reid, 198 AD3d at 820 [internal quotation marks omitted]; see People v Casiano, 117 AD3d 1507, 1509 [4th Dept 2014]). As relevant to this case, a person is guilty of offering a false instrument for filing in the first degree when, "knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, he or she offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation" (Penal Law § 175.35 [1]; see generally People v Chaitin, 94 AD2d 705, 705 [2d Dept 1983], affd 61 NY2d 683 [1984]; People v Hure, 16 AD3d 774, 775 [3d Dept 2005], lv denied 4 NY3d 854 [2005]). Here, the sole count of the indictment, charging defendant with offering a false instrument for filing in the first degree, was predicated upon his submission of a single application to register the title of a trailer with the New York State Department of Motor Vehicles (DMV). In addition, the "multiple falsehoods" contained in each document that was included with that application were related, and "each of the falsehoods was intended to mislead" the DMV about the trailer (People v Ribowsky, 77 NY2d 284, 289 [1991]). Under these circumstances, the sole count of the indictment was not rendered duplicitous by the trial evidence (see id.; cf. People v Quinn, 103 AD3d 1258, 1258-1259 [4th Dept 2013]; see also Reid, 198 AD3d at 820; People v Sabo, 16 AD3d 920, 920-921 [3d Dept 2005], lv denied 5 NY3d 794 [2005]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court