People v Cruz (2024 NY Slip Op 03828)

People v Cruz

2024 NY Slip Op 03828

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2018-10763
 (Ind. No. 1407/16)

[*1]The People of the State of New York, respondent,
v
Christian Cruz, appellant.

Rosenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Corey Reisman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered August 17, 2018, convicting him of attempted burglary in the first degree, criminal possession of a weapon in the second degree, assault in the second degree, criminal trespass in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]; People v Medina, 207 AD3d 570, 571). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of attempted burglary in the first degree, criminal possession of a weapon in the second degree, and assault in the second degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 348; People v Bleakley, 69 NY2d 490, 495). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643).
The defendant's contention that he was deprived of his right to a fair trial by the Supreme Court's participation in questioning the trial witnesses is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. The majority of the court's injections during the trial were to clarify confusing answers given by the witnesses (see People v Reid, 198 AD3d 819, 820; People v Todd, 306 AD2d 504, 505), and the record as a whole demonstrates that the court was impartial and not biased against the defendant (see People v Reid, 198 AD3d at 820; People v Ojeda, 118 AD3d 919, 919).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court