People v Rodriguez-Rodriguez

2026 NY Slip Op 02134

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Julio Rodriguez-Rodriguez, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-12126, (Ind. No. 70067/23)

Mark C. Dillon, J.P.

William G. Ford

Helen Voutsinas

James P. McCormack, JJ.

James D. Licata, New City, NY (Samuel Coe of counsel), for appellant.

Thomas E. Walsh II, New City, NY (Kerianne Morrissey of counsel), for respondent.

[*1]

Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), rendered October 1, 2024, convicting him of course of sexual conduct against a child in the second degree, sexual abuse in the third degree, and endangering the welfare of a child (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that he was deprived of his right to fair trial by the Supreme Court's reliance on evidence outside of the record in rendering its verdict (see CPL 470.05[2]; People v Lostumbo, 182 AD3d 1007, 1009). In any event, any errors were not so pervasive or egregious as to deprive the defendant of his right to a fair trial (see People v Crimmins, 36 NY2d 230, 242; People v Weinberg, 75 AD3d 612, 614; People v Torres, 1 AD3d 621, 621). "[W]here, as here, a case is tried without a jury, absent a showing of prejudice, the [court] is presumed to have considered only competent evidence adduced at trial in reaching the verdict" (People v Bradshaw, 210 AD3d 44, 52 [internal quotation marks omitted]; see People v Johnson, 194 AD3d 1072, 1073; People v Dyson, 169 AD3d 917, 918; People v Smith, 163 AD3d 1004, 1004-1005; People v Terranova, 147 AD3d 1086, 1088).

The defendant's contention that he was deprived of his right to a fair trial by the Supreme Court admitting hearsay statements that did not fall within any exceptions is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. As a general rule, "'evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place'" (People v Rosario, 17 NY3d 501, 511, quoting People v McDaniel, 81 NY2d 10, 16; see People v Gross, 172 AD3d 741, 743). A victim's outcry is prompt if it is made "'at the first suitable opportunity'" (People v McDaniel, 81 NY2d at 17, quoting People v O'Sullivan, 104 NY 481, 486), which is "a relative concept dependent on the facts—what might qualify as prompt in one case might not in another" (id.; see People v Rosario, 17 NY3d at 512-513; People v Gross, 172 AD3d at 743; People v Evangelista, 155 AD3d 972). Here, the complainant's outcries were prompt since the complainant made them while the abuse was [*2]ongoing (see People v Rosario, 17 NY3d at 515; People v Chin, 205 AD3d 819, 820; People v Gross, 172 AD3d at 743). The testimony regarding the complainant's outcry "did not exceed the allowable level of detail" (People v McDaniel, 81 NY2d at 18).

The defendant's contention that he was deprived of his right to a fair trial by the Supreme Court's participation in questioning the trial witnesses is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. The majority of the court's interjections during the trial were to clarify confusing answers given by the witnesses (see People v Reid, 198 AD3d 819, 820; People v Todd, 306 AD2d 504, 505), and the record as a whole demonstrates that the court was impartial and not biased against the defendant (see People v Reid, 198 AD3d at 820; People v Ojeda, 118 AD3d 919, 919).

DILLON, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court