People v Jones
2026 NY Slip Op 03322
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Sahquane Jones, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2019-13165, (Ind. No. 314/17)
Francesca E. Connolly, J.P.
Deborah A. Dowling
Lillian Wan
Susan Quirk, JJ.

Patricia Pazner, New York, NY (Melissa S. Horlick of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Kenneth Koo, and Grace C. O'Brien of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered November 6, 2019, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the third degree (four counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his right to confront witnesses against him was violated by the admission of a detective's testimony regarding the fingerprint analysis findings of two nontestifying analysts. However, the defendant's contention is unpreserved for appellate review, since defense counsel did not object to this testimony (see CPL 470.05[2]; People v Liner, 9 NY3d 856, 856-857; People v Brown, 220 AD3d 802, 803-804). In any event, while the testimony violated the defendant's Confrontation Clause rights and constituted impermissible hearsay, the error in permitting the testimony was harmless beyond a reasonable doubt (see People v Rawlins, 10 NY3d 136, 157-158; People v Battle, 239 AD3d 764, 766; People v Bostic, 236 AD3d 1051, 1054). The detective's testimony regarding the conclusions of the nontestifying analysts was cumulative, since the detective's testimony established that she performed her own fingerprint analysis and independently reached the same conclusions (see People v Rawlins, 10 NY3d at 157-158; People v Battle, 239 AD3d at 766; People v Bostic, 236 AD3d at 1054). Contrary to the defendant's contention, defense counsel was not ineffective for failing to preserve for appellate review the issue regarding the detective's testimony (see People v Copeland, 229 AD3d 564, 565; People v Liggins, 185 AD3d 721, 721).
Further, the defendant's contention that the Supreme Court improperly elicited testimony from the testifying detective is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. "[A] trial judge is permitted to question witnesses to clarify testimony and to facilitate the progress of the trial, and, if necessary, to develop factual information," so long as the judge does not "take on either the function or appearance of an advocate" (People v Adams, 117 AD3d 104, 109 [alteration and internal quotation marks omitted]; see People v Hinton, 31 NY2d 71, 76; People v Reid, 198 AD3d 819, 819-820). Here, the record demonstrates that the court did not become an advocate for the People or usurp the role of the prosecutor, and the record as a whole [*2]demonstrates that the court was impartial and not biased against the defendant (see People v Reid, 198 AD3d at 820).
CONNOLLY, J.P., DOWLING, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court